ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| JUDITH PÉREZ VELÁZQUEZ T/C/C JUDITH SUÁREZ Y RAMÓN ABIN REPRESENTADO POR SU MANDATARIA JUDITH PÉREZ VELÁZQUEZ<br><br>Apelantes<br><br>v.<br><br>ASOCIACIÓN DE TITULARES PATIO SEÑORIAL, INC., ET ALS<br><br>Apelados | KLAN202301072 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.:<br>J DP2016-0383<br><br>Sobre:<br>Acción Civil por Persecución Maliciosa; Daños y Perjuicios; Solicitud de Devolver Elementos Comunes a su Estado Original |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 18 de enero de 2024.

Comparece la señora Judith Pérez Velázquez (en adelante, señora Pérez Velázquez y/o apelante) mediante un recurso de *Apelación* y nos solicita que revoquemos la *Sentencia Parcial* [1] emitida y notificada el 2 de octubre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante, TPI). En dicha *Sentencia Parcial*, el TPI declaró Ha Lugar la *Moción Solicitando Sentencia Sumaria Parcial* [2], y, en consecuencia, desestimó las alegaciones de la *Demanda Enmendada* en contra de la Asociación de Titulares Patio Señorial (en adelante, Asociación y/o parte apelada).

Conforme a los fundamentos que expondremos a continuación, se *confirma* la *Sentencia Parcial* apelada.

---

[1] Apéndice de la apelante, a las págs. 1-12.
[2] *Id.,* a las págs. 94-108.

Número Identificador

SEN2024_____

**I**

El 26 de octubre de 2016, la señora Pérez Velázquez y el señor Ramón Abin Rodríguez (en adelante, señor Abin Rodríguez), representado por su mandataria, la señora Pérez Velázquez ,con quien tenía una unión consensual, presentaron una *Demanda* por persecución maliciosa, daños y perjuicios y solicitud de devolver elementos comunes a su estado original.[3] La señora Pérez Velázquez era mandataria del señor Abin Rodríguez mediante la Escritura Núm. 21 de *Protocolización de Poder Especial* del 4 de octubre de 2016.[4] Ambos residían en el apartamento G-2 B en Patio Señorial Apartments, pero el dueño registral era el señor Abin Rodríguez, según la Escritura Núm. 3 del 23 de octubre de 2008. La parte demandada era el Consejo de Titulares Patio Señorial, Inc.[5] (en adelante, Consejo), la señora Elsa Cortés Cruz (en adelante señora Cortés Cruz), su esposo Pedro E. Muñiz Díaz (en adelante, señor Muñiz Díaz), la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, pareja Cortés-Muñiz) y las Aseguradoras A y B de nombre desconocido.

La señora Cortés Cruz alegadamente ha actuado como tesorera y/o administradora y/o presidenta y/o secretaria del Consejo. Alegaron que, la pareja Cortés-Muñiz de forma ilegal y sin la aprobación ni consentimiento de la Asociación de Condómines ni de la Junta de Directores, se apropiaron del área común verde que separa los edificios en donde ubican los respectivos apartamentos de las partes. Expusieron que, la pareja Cortés-Muñiz alteró la configuración del terreno, rellenando el espacio con tierra para crear un patio nivelado superior al nivel original de su apartamento para su uso exclusivo. Aducen que, debido a esa obra se taparon los

---

[3] *Id.,* a las págs. 36-57.
[4] *Id.,* a las págs. 44-54.
[5] *Id.,* a la pág. 55.

desagües del edificio donde vive la señora Pérez Velázquez y el señor Abin Rodríguez, causando que las aguas de escorrentías hayan provocado daños a su apartamento. Además, señalan que la pareja Cortés-Muñiz colocó una planta eléctrica en el espacio que cuando es encendida tira los gases hacia el apartamento de la señora Pérez Velázquez y el señor Abin Rodríguez.

Añadió que, debido a lo antes expuesto, la pareja Cortés-Muñiz comenzó hacia la señora Pérez Velázquez un patrón malicioso de persecución, hostigamiento y calumnias, acusándola de cometer delitos públicos y actos contrarios a la ley.[6] Se adujo que debido a que las actuaciones de la señora Cortés Cruz, además de a nombre propio, fueron a nombre y en representación del Consejo, todos los demandados le respondían solidariamente por los daños causados. Por las angustias mentales y morales estimó los daños en $50,000.00 dólares; mientras que, por los daños a su reputación, honra y buen nombre solicitó $50,000.00 dólares; además, $15,000.00 dólares por gastos extraordinarios y $10,000.00 dólares en honorarios de abogados.

El 11 de enero de 2017, el Consejo y la señora Cortés Cruz presentaron la *Contestación a Demanda*.[7] Aclararon que, la dirección postal del señor Abin Rodríguez es 8925 Collins Ave. PHB Surside FL 33154. De igual forma, aclararon que la agente residente del Consejo es la señora Cortés Cruz, y esta preside dicho Consejo desde el 15 de junio de 2016. Además, aclararon que la señora Cortés Cruz y el señor Muñiz Díaz no están casados, sino que tienen una relación consensual. Informó que, la aseguradora del Consejo es MAPFRE PRAICO Insurance (en adelante, MAPFRE). Alegó que, el Tribunal emitió dos (2) *Órdenes de Protección* sobre Ley Contra el Acecho en Puerto Rico a favor de la señora Cortés Cruz por los

---

[6] *Id.,* a las págs. 56-57.
[7] *Id.,* a las págs. 58-62.

periodos del 31 de mayo al 15 de junio de 2016 y del 15 de junio al 15 de septiembre de 2016.

Del recurso de *Apelación* surge que, el 3 de abril de 2017, el Consejo y la señora Cortés Cruz presentaron una *Moción de Desestimación o de Paralización de los Procedimientos por Falta de Jurisdicción sobre la Materia*. En dicha moción alegaron que, procedía la desestimación de la *Demanda* porque la jurisdicción primaria del caso le correspondía al Departamento de Asuntos del Consumidor (por sus siglas, DACo). Luego, surge que el 16 de junio de 2017, dichas partes presentaron *Moción de Desestimación por Inactividad al Amparo de la Regla 39.2(b) de Procedimiento Civil y Réplica a Moción Urgente Solicitando Orden*. Por su parte, surge que, el 23 de junio de 2017, la señora Pérez Velázquez presentó *Réplica a Mociones de Desestimación Presentadas por los Co-demandados Consejo de Titulares Patio Señorial, Inc. y Elsa Cortés Cruz*. Alegó en la réplica que no procedía la desestimación porque la reclamación había sido presentada al amparo del Artículo 1802 del Código Civil de 1930.[8] Entonces, el TPI, el 26 de junio de 2017, emitió una *Resolución* declarando No Ha Lugar la moción del 16 de junio de 2017.

A esos efectos, el TPI, el 14 de noviembre de 2017, emitió una *Sentencia Parcial* en la cual declaró No Ha Lugar la desestimación en cuanto a la reclamación por daños y perjuicios y ordenó la continuación de los procedimientos.[9] Sin embargo, desestimó la acción referente al uso de las áreas comunes, el retiro de la planta eléctrica y la solicitud para que se restablezca a su estado original, debido a que determinó que existía jurisdicción primaria exclusiva en el DACo, agencia ante la cual se encontraba la *Querella* número C-PON-2017-0000254 presentada el 9 de mayo de 2017. El 28 de

---

[8] 31 LPRA § 5141, Art. 1802.
[9] Apéndice de la apelante, a las págs. 63-76.

mayo de 2019, el Tribunal de Apelaciones mediante *Sentencia* confirmó la *Sentencia Parcial*.

El 16 de octubre de 2019, la señora Pérez Velázquez y el señor Abin Rodríguez presentaron una *Moción Solicitando Remedio Adecuado*.[10] Expusieron que, al Consejo se le invalidó su certificado de registro el 17 de agosto de 2018 por la corporación haber sido creada en contravención a la Ley de Condominios.[11] Procedieron, entonces, a inscribir otra corporación, la Asociación.[12] A la luz de lo anterior, solicitaron que se sustituyera el nombre del Consejo por el de la Asociación. El 29 de octubre de 2019, el Consejo presentó una *Urgente Réplica a "Moción Solicitando Remedio Adecuado"*.[13] El 15 de noviembre de 2019, el TPI emitió una *Resolución* en la cual dispuso sobre dos (2) mociones.[14] En lo concerniente a la moción del 16 de octubre de 2019, la declaró Ha Lugar y ordenó presentar demanda enmendada sustituyendo al Consejo por la Asociación. Por su parte, en lo que respecta a la moción del 29 de octubre de 2019, determinó que se daba por cumplida.

Según surge del recurso de *Apelación*, el 16 de diciembre de 2019, se presentó la *Demanda Enmendada*. El 17 de diciembre de 2019, el TPI dictó una *Orden* aceptando la *Demanda Enmendada* e incluyendo a MAPFRE como la aseguradora.

El 15 de mayo de 2020, MAPFRE presentó su *Contestación a Demanda Enmendada*. Por su parte, el 28 de julio de 2020, la Asociación presentó su *Contestación a Demanda Enmendada*. También, el 7 de abril de 2021, el señor Muñiz Díaz presentó su *Contestación a Demanda Enmendada*.

---

[10] *Id.,* a las págs. 77-87.
[11] *Id.,* a la pág. 81. Ley de Condominios, Ley Núm. 104 de 25 de junio de 1958, según enmendada, 31 LPRA § 1291 *et seq*, derogada.
[12] *Id.,* a la pág. 82.
[13] *Id.,* a las págs. 88-93.
[14] *Id.,* a la pág. 137.

A tales efectos, el 19 de abril de 2023, la Asociación presentó una *Moción de Sentencia Sumaria Parcial.* Señalamos que, el 30 de junio de 2023, fue el día designado para el cierre del descubrimiento de prueba. El 12 de septiembre de 2023, la señora Pérez Velázquez y el señor Abin Rodríguez presentaron una *Réplica a "Moción de Sentencia Sumaria Parcial".*[15]

El 2 de octubre de 2023, el TPI emitió y notificó una *Sentencia Parcial.*[16] En dicha *Sentencia Parcial,* determinó dos (2) hechos que no estaban en controversia:

1. La Asociación de Titulares de Patio Señorial, Inc. fue incorporada el 17 de septiembre de 2018, según surge de las constancias públicas del Registro de Corporaciones y Entidades del Departamento de Estado.
2. La naturaleza o propósito de la Asociación de Titulares de Patio Señorial, Inc. es "administrar cuotas de mantenimiento del Consejo de Titulares a través de la Junta de Directores".

Por otro lado, determinó que existía un hecho en controversia:

1. Las alegaciones de la Demanda Enmendada en torno al resto de los codemandados.

Consecuentemente, el TPI determinó que la Asociación fue incorporada el 17 de septiembre de 2018, y que, conforme al Artículo 1.05 de la Ley General de Corporaciones[17], es a partir de esa fecha que cobró vida y quedó constituida su personalidad jurídica como ente corporativo. Por consiguiente, determinó que la Asociación no era responsable de los hechos alegadamente ocurridos en o antes del año 2016, según consignados en la *Demanda Enmendada.* Así, las cosas, declaró Ha Lugar la *Moción de Sentencia Sumaria Parcial* presentada por la Asociación. Cónsono con lo anterior, desestimó las alegaciones de la *Demanda Enmendada* en contra de la Asociación.

---

[15] *Id.,* a las págs. 109-137.
[16] *Id.,* a las págs. 1-12.
[17] Ley General de Corporaciones, Ley Núm. 164 de 16 de diciembre de 2009, según enmendada, Art. 1.05 (A), 14 LPRA § 3505.

El 17 de octubre de 2023, la señora Pérez Velázquez y el señor Abin Rodríguez presentaron *Moción de Reconsideración*.[18] Solicitó que, debido a que el descubrimiento de prueba no ha finalizado ya que se había pautado una deposición al presidente y/o director del Consejo, que se reconsidere la *Sentencia Parcial* hasta tanto se lleve a cabo la deposición. Señaló y presentó prueba al respecto de que fue el licenciado Edgar Pérez Durán quien compareció en representación del Consejo; y, que luego ese mismo licenciado compareció en representación de la Asociación.[19] A través de todo el procedimiento judicial, el licenciado, además, ha estado representando a la señora Cortés Cruz.

El 18 de octubre de 2023, y notificada 23 de octubre de 2023, el TPI emitió una *Resolución* en reconsideración.[20] En dicha *Resolución*, determinó No Ha Lugar la reconsideración.

Inconforme con la determinación del TPI, la señora Pérez Velázquez acudió ante esta Curia mediante un recurso de *Apelación*. El recurso se presentó ante el TPI el 22 de noviembre de 2023. En esa misma fecha, se nos notificó el recurso, conforme a la Regla 14 (C) del Reglamento de este Tribunal.[21] El recurso fue recibido en este Tribunal el 29 de noviembre de 2023. Mediante el recurso de apelación, la parte apelante esbozó la comisión de los siguientes dos (2) errores:

> **Primer error:** Cometió grave error de Derecho y [a]bus[ó] de su discreción el TPI al dictar Sentencia Parcial desestimando la Demanda Enmendada contra la corporación Asociación de Titulares Patio Señorial, Inc. cuando el [d]escubrimiento de [p]rueba aún no ha concluido.

> **Segundo error:** Cometió grave error de Derecho y [a]bus[ó] de su discreción el TPI al desestimar la [D]emanda Enmendada en contra de la corporación Asociación de Titulares Patio Señorial, Inc. cuando el propio abogado de la parte demanda nos informó que dicha corporación sustituiría a la otra anterior.

---

[18] Apéndice de la apelante, a las págs. 13-33.
[19] *Id.,* a las págs. 32-33.
[20] *Id.,* a las págs. 34-35.
[21] 4 LPRA Ap. XXII-B, R. 14 (C).

Pasado el término sin que la parte apelada haya presentado su escrito en oposición, procedemos a esbozar el derecho a aplicable a la controversia ante nos.

**II**

**A. Recurso de Apelación**

La Regla 52.2(a) de las Reglas de Procedimiento Civil [22], dispone que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días desde el archivo en autos de copia de la notificación de la sentencia recurrida. Como es conocido, un plazo jurisdiccional es de carácter fatal. Ello quiere decir que no admite justa causa, es improrrogable, y que su incumplimiento es insubsanable.[23] La correcta notificación de una sentencia es una característica imprescindible del debido proceso judicial. [24] Como corolario de lo anterior, la Regla 13(A) del Reglamento de este Tribunal establece que:

> Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia.[25]
> […]

No obstante, el término de treinta (30) días para acudir en alzada puede quedar interrumpido mediante la presentación oportuna de una moción de reconsideración fundamentada.[26] En tal caso, el curso del término para apelar comienza a partir del archivo en autos copia de la notificación de la resolución que resuelve la moción.[27] Esto, a pesar de que se haya declarado la moción No Ha Lugar.

---

[22] 32 LPRA Ap. V, R. 52.2 (a).
[23] *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000). *Arriaga v. FSE*, 145 DPR 122, 131 (1998). *Loperena Irizarry v. ELA*, 106 DPR 357, 360 (1977).
[24] *Rodríguez Mora v. García Lloréns*, 147 DPR 305, 309 (1998).
[25] 4 LPRA Ap. XXII-B, R. 13 (A).
[26] 32 LPRA Ap. V, R. 47.
[27] *Id.*

**B. La Presentación y Notificación de un Recurso de Apelación**

Conforme dispone nuestro ordenamiento jurídico, el perfeccionamiento de un recurso de *apelación*, en lo relativo su presentación y a su notificación está regulado por la Regla 14 del Reglamento del Tribunal de Apelaciones[28]. Estas disposiciones reglamentarias deben observarse rigurosamente para el correcto perfeccionamiento de los recursos.[29]

La Regla 14(C) del citado Reglamento, dispone la manera en que se presentará y notificará un recurso de apelación y en lo pertinente lee de la siguiente forma:

> [...]
> (C) **De presentarse el recurso de apelación en la Secretaría de la sede del Tribunal de Primera Instancia que haya dictado la sentencia apelada**, la Secretaría del tribunal apelado retendrá una copia del escrito de apelación, sin Apéndice, **y la parte apelante notificará a la Secretaría del Tribunal de Apelaciones, dentro de las cuarenta y ocho horas siguientes a la presentación del escrito de apelación**, el original del escrito con el arancel cancelado y tres copias del mismo, debidamente selladas por la Secretaría de la sede del Tribunal de Primera Instancia, con la fecha y hora de presentación. **En este caso, de enviarse por correo, la fecha del depósito del original y las tres copias en el correo se considerará como la de su entrega en la Secretaría del Tribunal de Apelaciones**. El término aquí dispuesto será de cumplimiento estricto.[30] (Énfasis suplido).
> [...]

**C. La Sentencia Sumaria**

Como es sabido, en nuestro ordenamiento, el mecanismo de la sentencia sumaria está regido por la Regla 36 de las Reglas de Procedimiento Civil[31], la cual desglosa los requisitos específicos con los que debe cumplir esta figura procesal.[32] El mecanismo procesal de sentencia sumaria es un remedio discrecional extraordinario que únicamente se concederá cuando la evidencia que se presente con

---

[28] 4 LPRA Ap. XXII-B, R. 14.
[29] *Hernández Maldonado v. Taco Maker*, 181 DPR 281, 290 (2011).
[30] 4 LPRA Ap. XXII-B, R. 14 (C).
[31] 32 LPRA Ap. V, R. 36.
[32] *Lugo Montalvo v. Sol Meliá Vacation*, 194 DPR 209, 224 (2015).

la moción establezca con claridad la existencia de un derecho.[33] Solamente debe ser dictada una sentencia sumaria "en casos claros, cuando el Tribunal tenga ante sí la verdad sobre todos los hechos pertinentes".[34]

El propósito de la sentencia sumaria es facilitar la solución justa, rápida y económica de los litigios civiles que no presenten controversias genuinas de hechos materiales, razón por la cual no ameritan la celebración de un juicio en su fondo.[35] En otras palabras, el tribunal procederá a dictar sentencia sumaria solo cuando esté claramente convencido que la vista evidenciaria es innecesaria.[36] Al no haber controversia sustancial y real sobre hechos materiales, sólo falta aplicar el derecho pertinente a la controversia.[37]

En lo pertinente al término para presentar una solicitud de sentencia sumaria, la Regla 36.2 de las Reglas de Procedimiento Civil dispone lo siguiente:

> Una parte contra la cual se haya formulado una reclamación podrá presentar, a partir de la fecha en que fue emplazado pero no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba, una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación.[38]

En consonancia con lo anterior, el mecanismo de sentencia sumaria es un vehículo idóneo para descongestionar los calendarios judiciales y evitar el derroche de dinero y tiempo que

---

[33] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 911 (1994).
[34] *Id. Corp. Presiding Bishop CJC of LDS v. Purcell*, 117 DPR 714, 720-721 (1986). *Medina v. M.S. & D. Química P.R., Inc.*, 135 DPR 716, 726 (1994). *Cuadrado Lugo v. Santiago Rodríguez*, 126 DPR 272, 279 (1990).
[35] *García Rivera et al. v. Enríquez*, 153 DPR 323, 337 (2001). *Pilot Life Ins. Co. v. Crespo Martínez*, 136 DPR 624, 632 (1994).
[36] *Nissen Holland v. Genthaller*, 172 DPR 503, 511 (2007).
[37] *García Rivera et al. v. Enríquez, supra.*
[38] 32 LPRA Ap. V, R. 36.2.

implica la celebración de un juicio en su fondo.[39] La Regla 36.3 de las Reglas de Procedimiento Civil[40], detalla el procedimiento que deben seguir las partes al momento de solicitar que se dicte una sentencia sumaria a su favor. A esos efectos, establece que una solicitud al amparo de ésta deberá incluir: (i) una exposición breve de las alegaciones de las partes; (ii) los asuntos litigiosos o en controversia; (iii) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria; (iv) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (v) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable; y, (vi) el remedio que debe ser concedido.[41]

Por su parte, la Reglas 36.3 inciso (a)(4) de las Reglas de Procedimiento Civil dispone:

> (a) La moción de sentencia sumaria se notificará a la parte contraria y contendrá lo siguiente: …

> (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal…[42]

Por otro lado, la Regla 36.3 inciso (c) de las Reglas de Procedimiento Civil lee como sigue:

> (c) Cuando se presente una moción de sentencia sumaria y se sostenga en la forma provista en esta

---

[39] *Carpets & Rugs v. Tropical Reps.*, 175 DPR 615, 630 (2009). *Padín v. Rossi*, 100 DPR 259, 263 (1971). *William Pérez Vargas v. Office Depot/Office Max, Inc.*, 203 DPR 687, 699 (2019).
[40] 32 LPRA Ap. V. R. 36.3.
[41] 32 LPRA Ap. V. R. 36.3. *Rodríguez García v. UCA*, 200 DPR 929, 940 (2018). *William Pérez Vargas v. Office Depot/Office Max, Inc.*, *supra*, 698.
[42] 32 LPRA Ap. V, R. 36.3 (a)(4).

Regla 36, la parte contraria no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar en forma tan detallada y específica como lo haya hecho la parte promovente. De no hacerlo así, se dictará la sentencia sumaria en su contra si procede. [43]

Cumplidos estos requisitos, el inciso (e) de la Regla 36.3 de las Reglas de Procedimiento Civil establece que:

La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que, como cuestión de derecho, el tribunal debe dictar sentencia sumaria a favor de la parte promovente.[44]

Sin embargo, el solo hecho de no presentar evidencia que controvierta la presentada por la parte promovente no implica que necesariamente proceda la sentencia sumaria.[45]

Conforme ha resuelto el Tribunal Supremo de Puerto Rico (en adelante, Tribunal Supremo), el demandante no puede descansar en las aseveraciones generales de su demanda, "sino que, a tenor con la Regla 36.5, estará obligada a demostrar que [tiene] prueba para sustanciar sus alegaciones".[46] Las meras afirmaciones no bastan.[47] "Como regla general, para derrotar una solicitud de sentencia sumaria la parte opositora debe presentar contradeclaraciones juradas y contradocumentos que pongan en controversia los hechos presentados por el promovente".[48]

---

[43] 32 LPRA Ap. V, R. 36.3 (c).
[44] 32 LPRA Ap. V, R. 36.3 (e). *García Rivera et al. v. Enríquez, supra,* 338. *Roldán Flores v. M. Cuebas,* 199 DPR 664, 676 (2018). *Lugo Montalvo v. Sol Meliá Vacation, supra,* 225. *SLG Zapata-Rivera v. J. F. Montalvo,* 189 DPR 414, 430 (2013).
[45] *PFZ Props., Inc. v. Gen. Acc. Ins. Co., supra,* 913. *García Rivera et al. v. Enríquez, Id. Consejo Tit. C. Parkside v. MGIC Fin. Corp.,* 128 DPR 538, 549 (1991). *Cuadrado Lugo v. Santiago Rodríguez, supra,* 281. *Corp. Presiding Bishop CJS of LDS v. Purcell, supra,* 721.
[46] *Flores v. Municipio de Caguas,* 114 DPR 521, 525 (1983). *Ramos Pérez v. Univisión,* 178 DPR 200, 215-216 (2010).
[47] *Id.*
[48] *Ramos Pérez v. Univisión, supra,* 215. *Roldán Flores v. M. Cuebas, Inc., supra,* 677.

El Tribunal Supremo se expresó en cuanto al proceso de revisión de las sentencias sumarias y estableció que en dicho proceso el Tribunal de Apelaciones debe: (i) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de las Reglas de Procedimiento Civil[49], y la jurisprudencia le exigen al foro primario; (ii) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36 de las Reglas de Procedimiento Civil[50]; (iii) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de las Reglas de Procedimiento Civil[51], de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos; y, (iv) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de *novo* si el TPI aplicó correctamente el Derecho a la controversia.[52]

La sentencia sumaria no procederá en las instancias que: (i) existan hechos materiales y esenciales controvertidos; (ii) haya alegaciones afirmativas en la demanda que no han sido refutadas; (iii) surja de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o, (iv) como cuestión de derecho, no proceda.[53] Además, al revisar la determinación del TPI respecto a una sentencia sumaria, estamos limitados de dos (2) maneras: (i) solo podemos considerar los documentos que se presentaron ante el foro de primera instancia; y, (ii) solo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y si el derecho se aplicó

---

[49] 32 LPRA Ap. V, R. 36.
[50] *Id.*
[51] 32 LPRA Ap. V, R. 36.4.
[52] *Roldán Flores v. M. Cuebas, Inc., supra*, 679. *Meléndez González v. M. Cuebas*, 193 DPR 100, 118-119 (2015).
[53] *SLG Fernández-Bernal v. RAD-MAN*, 208 DPR 310, 335 (2021).

de forma correcta. [54] Las partes no pueden añadir en apelación exhibit[s], deposiciones o affidávit[s] que no fueron presentados oportunamente en el foro de primera instancia, ni pueden esbozar teorías nuevas o esgrimir asuntos nuevos por primera vez ante el foro apelativo.[55] Mientras que el segundo limita la facultad del foro apelativo a revisar si en el caso ante su consideración existen controversias reales en cuanto a los hechos materiales, pero no puede adjudicarlos.[56] También, se ha aclarado que al foro apelativo le es vedado adjudicar los hechos materiales esenciales en disputa, porque dicha tarea le corresponde al foro de primera instancia.[57]

### III

La parte apelante acudió ante nos mediante un recurso de *Apelación* y esbozó que erró el TPI al dictar *Sentencia Parcial* desestimando la *Demanda Enmendada* contra la Asociación cuando el descubrimiento de prueba no había concluido y cuando presuntamente el propio representante legal de la parte apelada fue quien informó que dicha corporación sustituiría a la otra anterior. La controversia ante nos, se circunscribe a determinar si el TPI erró al desestimar sumariamente las alegaciones de la *Demanda Enmendada* en torno a la Asociación. Tras juzgar que los errores esgrimidos se encuentran relacionados, procedemos a discutirlos en conjunto.

Primeramente, recalcamos que en el proceso de revisión de las sentencias sumarias este Tribunal debe: examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de las Reglas de Procedimiento Civil[58], y la jurisprudencia le exigen al foro primario; y, de encontrar que los hechos materiales realmente están

---

[54] *Meléndez González v. M. Cuebas, supra,* 114.
[55] *Id.*
[56] *Id.,* 115.
[57] *Vera v. Bravo,* 161 DPR 308, 335 (2004).
[58] 32 LPRA Ap. V, R. 36.

incontrovertidos, debe revisar de *novo* si el TPI aplicó correctamente el Derecho a la controversia.[59]

En el caso ante nos, el 26 de octubre de 2016, la señora Pérez Velázquez y el señor Abin Rodríguez presentaron una *Demanda*.[60] Luego de varios trámites, el 14 de noviembre de 2017, el TPI emitió una *Sentencia Parcial* declarando No Ha Lugar la desestimación en cuanto a la reclamación por daños y perjuicios y ordenó la continuación de los procedimientos.[61] El 16 de octubre de 2019, la señora Pérez Velázquez y el señor Abin Rodríguez presentaron *Moción Solicitando Remedio Adecuado,* en la cual solicitaron que se sustituyera el nombre del Consejo por el de la Asociación.[62] El TPI declaró Ha Lugar la solicitud incoada y, en consecuencia, le ordenó presentar una demanda enmendada para sustituir al Consejo por la Asociación. Hacemos la salvedad que en el apéndice del recurso no se nos incluyó la resolución en la cual se autorizó la sustitución y se ordenó presentar la demanda enmendada, además, tampoco se nos incluyó la demanda enmendada. Luego, producto de una solicitud para que se dictara sentencia sumaria presentada por la Asociación, el foro primario emitió y notificó la *Sentencia Parcial* apelada.[63] En dicha sentencia, declaró Ha Lugar la *Moción de Sentencia Sumaria Parcial* presentada por la Asociación y procedió a desestimar las alegaciones de la *Demanda Enmendada* en contra de la Asociación.

El Código Civil de Puerto Rico de 1930, en su Artículo 27 menciona quién es considerado una persona jurídica:

> (1) Las corporaciones y asociaciones de interés público, con personalidad jurídica reconocida por la ley.
> Su personalidad empieza desde el instante mismo, en que con arreglo a derecho, hubiesen quedado válidamente constituidas.

---

[59] *Roldán Flores v. M. Cuebas, Inc.*, *supra*. *Meléndez González v. M. Cuebas*, *supra*, 118-119.
[60] Apéndice de la apelante, a las págs. 36-57.
[61] *Id.*
[62] Apéndice de la apelante, a las págs. 77-87.
[63] *Id.*

(2) Las corporaciones, compañías o asociaciones de interés particular, sean civiles, mercantiles o industriales, a las que la ley conceda personalidad jurídica.[64]

El Artículo 1.05 de la Ley General de Corporaciones dispone que:

[...]
A. Otorgado y radicado el certificado de incorporación, según lo dispuesto en el inciso (D) del Artículo 1.03 de esta Ley y pagados los derechos requeridos por ley, la persona o las personas que de tal modo se asociaren, sus sucesores y sus cesionarios, constituirán, a partir de la fecha de dicha radicación, o de haberse establecido en el certificado de incorporación, desde una fecha posterior que no exceda de noventa (90) días, una entidad corporativa con el nombre que aparezca en el certificado, sujeta a disolución según se dispone en esta Ley.[65]
[...]

Quiérase decir, luego de que se emite el certificado de incorporación, la corporación adviene a la vida jurídica y a menos que contenga una disposición en el certificado que limite su existencia, **continuará existiendo** hasta que decida disolverse o **hasta que el Estado anule su condición como corporación**.[66]

Es correcto que el descubrimiento de prueba no había finalizado debido a que se había pautado una deposición al presidente y/o director del Consejo. Esto a pesar de que, el 30 de junio de 2023, fue el día designado para el cierre del descubrimiento de prueba. Sin embargo, antes de llevarse a cabo, el TPI emitió su *Sentencia Parcial* el 2 de octubre de 2023. No juzgamos que el TPI haya incurrido en un abuso de discreción al haber atendido la

---

[64] 31 LPRA § 101, Art. 27. El Código Civil de Puerto Rico de 1930 fue derogado por el Código Civil de Puerto Rico de 2020 aprobado mediante la Ley Núm. 55 de 1 de junio de 2020. Para fines de la presente, se hace referencia únicamente al Código Civil derogado por ser la ley vigente y aplicable a la controversia que nos ocupa.

[65] Ley General de Corporaciones, Ley Núm. 164 de 16 de diciembre de 2009, según enmendada, Art. 1.05 (A), 14 LPRA § 3505.

[66] C. E. Díaz Olivo, <u>Derecho Corporativo: Corporaciones</u>, Puerto Rico, Publicaciones Puertorriqueñas, 1999, pág. 241.

*Moción Solicitando Sentencia Sumaria Parcial* previo a que culminara en descubrimiento de prueba.

Reiteramos que, las decisiones discrecionales que toma el TPI no serán revocadas a menos que se demuestre que ese foro abusó de su discreción.[67] Es menester recordar que, al este tribunal apelativo enfrentarse a la tarea de revisar las determinaciones del foro de instancia, no debe intervenir con las determinaciones de hechos, con la apreciación de la prueba ni con la adjudicación de credibilidad efectuadas por el mismo, excepto en aquellas situaciones en que se demuestre que este último: (i) actuó con prejuicio o parcialidad; (ii) incurrió en un craso abuso de discreción; o, (iii) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[68] Puntualizamos que, un tribunal de justicia incurre en un abuso de discreción cuando el juez: (i) no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; (ii) por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste; o, (iii) no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, los sopesa y calibra livianamente.[69]

Acentuamos que, existen dos (2) modalidades de sentencia sumaria: (i) la que se dicta a base de documentos ofrecidos por el promovente que demuestran que no existe controversia real de hechos y procede aplicar el derecho; y, (ii) la que se dicta luego de un descubrimiento de prueba exhaustivo, donde se determina que

---

[67] *SLG Zapata-Rivera v. J.F. Montalvo, supra,* 434. *Pueblo v. Rivera Santiago, 176 DPR 559, 580 (2009).*

[68] *González Hernández v. González Hernández,* 181 DPR 746, 776 (2011). *Ramírez Ferrer v. Conagra Foods PR,* 175 DPR 799, 811 (2009). *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000). *Pueblo v. Irizarry,* 156 DPR 780, 789 (2002). *Pueblo v. Maisonave,* 129 DPR 49, 62-63 (1991).

[69] *Pueblo v. Rivera Santiago, supra.*

la prueba existente no es suficiente para sustentar las alegaciones de la demanda, y, por ende, procede desestimarla.[70] El caso ante nos es un ejemplo de la primera modalidad de sentencia sumaria previamente mencionada. Es decir, no era necesario concluir el descubrimiento de prueba para hacer las dos (2) determinaciones de hechos incontrovertidos emitidas en la *Sentencia Parcial.*

**IV**

Por los fundamentos que anteceden, se *confirma* la *Sentencia Parcial* apelada. En consecuencia, se ordena la continuación de los procedimientos conforme a lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[70] *Ramos Pérez vs. Univisión,* 178 DPR 200, 214 y 218 (2010).