DR. LUIS M. RODRÍGUEZ MORA ET AL., demandantes y peticionarios, *v.* DR. JOSÉ ARTURO GARCÍA LLORÉNS ET AL., demandados y recurridos.

*Números:* CC-97-509
CC-97-536

*Resuelto:* 17 de diciembre de 1998

*Bámily López Ortiz* y *Mirta E. Rodríguez Mora*, abogadas de la parte peticionaria; *Nereida Meléndez, Pedro E. Ruiz Meléndez, Rubén T. Nigaglioni* y *Lilia R. Rodríguez Ruiz*, de *McConnell & Valdés*, abogados de la parte recurrida.

PER CURIAM:

## I

Desde el 9 de junio de 1997 se dilucida en el Tribunal de Primera Instancia, Sala Superior de Arecibo, una petición de orden de *injunction* presentada por varios médicos —Rodríguez Mora *et al.*— contra los doctores García Llo-

réns *et al.*, quienes son miembros de la Junta de Directores de las corporaciones Hospital Doctor Susoni, Inc. y Doctor Susoni Health Community Services, Corp. Éstos solicitaron su remoción y el nombramiento de un administrador judicial.

Previo a ciertos trámites, el 24 de julio el tribunal de instancia (Hon. Eliseo Gaetán y Mejías) dictó una *sentencia parcial* en la cual declaró con lugar el interdicto preliminar y decretó ilegal la elección de la entonces Junta de Directores. Como *único remedio* concedió el nombramiento de un *coadministrador judicial* para dichas corporaciones. Esta sentencia parcial fue archivada en autos ese mismo día y notificada *a una dirección errónea* de la Lcda. Bámily López Ortiz, abogada de los demandantes Rodríguez Mora *et al.*, favorecidos por dicho dictamen. Para subsanarlo se hizo una notificación enmendada el 30 de julio, y que fue cursada correctamente a todas las partes.

No conformes, el 26 de agosto los demandados García Lloréns *et al.* apelaron al Tribunal de Circuito de Apelaciones (Caso Núm. KLAN9700882). Además, solicitaron: la revocación de la sentencia parcial, al señalar que el tribunal de instancia erró al nombrar el coadministrador judicial; tramitar la acción directa de Rodríguez Mora *et al.* como una acción derivativa, y concluir que ellos incurrieron en actos intencionales de acción y omisión sin que se desfilara prueba a esos efectos. En auxilio de su jurisdicción, el 28 de agosto el Tribunal de Circuito de Apelaciones paralizó los procedimientos en instancia, sujeto a que los demandados García Lloréns *et al.* prestaran una fianza de veinticinco mil dólares ($25,000). Ordenó a los demandantes Rodríguez Mora *et al.* someter un alegato en veinte (20) días. Ese mismo día, el tribunal de instancia, a solicitud de Rodríguez Mora *et al.*, suspendió la celebración de una reunión de accionistas del Hospital Doctor Susoni, Inc. convocada para esa misma fecha. En oposición, el 9 de sep-

tiembre, los demandados (García Lloréns *et al.*) plantearon al Tribunal de Circuito de Apelaciones que la suspensión de esa reunión era nula, ya que dicho foro no tenía jurisdicción —a la luz de la resolución del foro apelativo en la cual paralizó los procedimientos, sujeto a la prestación de fianza— para atender el caso. Los autos revelan que la fianza —requisito para dejar en suspenso el *injunction*— fue presentada el 29 de agosto. El 10 de septiembre, el Tribunal de Circuito de Apelaciones dejó sin efecto la resolución de instancia en la que se suspendía la reunión y paralizó todos los procedimientos ante dicho foro.

Contra esta resolución y la emitida previamente el 28 de agosto por Tribunal de Circuito de Apelaciones, los demandantes Rodríguez Mora *et al.*, presentaron este *certiorari* (Caso Núm. CC-97-509). Plantean que la Resolución de 28 de agosto es nula por carecer el Tribunal de Circuito de Apelaciones de jurisdicción. En síntesis, argumentan que la sentencia parcial del tribunal de instancia fue archivada en autos el 24 de julio de 1997 y la apelación interpuesta en el Tribunal de Circuito de Apelaciones por los demandados, García Lloréns *et al.*, fue presentada el 26 de agosto, luego de haber transcurrido el término jurisdiccional de treinta (30) días. Además, aducen que se trata de un error de forma. Aunque hubo una segunda notificación el 30 de julio, el primer archivo en autos de la copia de la notificación del 24 de julio fue correcta en cuanto a los demandados García Lloréns *et al.* y es la fecha cuando comenzó a transcurrir dicho término jurisdiccional. Sostienen que la notificación de 30 de julio fue únicamente para informarles a ellos, ya que las demás partes fueron debidamente notificadas el 24 de julio. Señalan, además, contrario a lo sostenido por García Lloréns *et al.*, que la resolución del tribunal de instancia para ordenar la paralización de la reunión fue dictada con jurisdicción; pues fue emitida *antes de haberse presentado la fianza requerida por el Tribunal de Circuito de Apelaciones* a García

Lloréns *et al.*, como condición para paralizar los procedimientos en el tribunal de instancia del *injunction* preliminar y el coadministrador judicial. Por estas razones, nos solicitan que revoquemos la paralización ordenada por Tribunal de Circuito de Apelaciones el 10 de septiembre de 1997.

Pendiente ese recurso ante nos, el 18 de septiembre el Tribunal de Circuito de Apelaciones declaró sin lugar una reconsideración de Rodríguez Mora *et al.* El 24 de septiembre, mediante el *certiorari* Núm. CC-97-539, éstos solicitaron su revisión.

Así las cosas, el 17 de septiembre ordenamos mostrar causa por la cual no deberíamos revocar la Resolución del Tribunal de Circuito de Apelaciones de 28 de agosto. El 30 de septiembre de 1997, consolidamos los recursos de *certiorari* Núms. CC-97-509 y CC-97-536, y resolvimos según lo intimado. Con el beneficio de la comparecencia de los recurridos García Lloréns *et al.*, resolvemos.

## II

El error sobre la falta de jurisdicción no fue cometido. La *apelación* de García Lloréns *et al.* ante el Tribunal de Circuito de Apelaciones fue en tiempo. No compartimos el argumento central de los demandantes Rodríguez Mora *et al.*, que genera la anomalía de dos (2) términos jurisdiccionales en virtud de una notificación errónea y otra correcta. Veamos.

■ *La correcta notificación de una sentencia es una característica imprescindible del debido proceso judicial.* Por su valor intrínseco e importancia —distinto a la contención de los peticionarios Rodríguez Mora *et al.*— no estamos ante un simple error de forma inconsecuente. *Notificar una sentencia a la dirección errónea de un abogado de una parte, equivale a ninguna notificación.*

■ Un error oficinesco imputable a la secretaría de

un tribunal, y la necesidad de subsanarlo mediante la emisión de una ulterior notificación enmendada de sentencia, *no puede generar la anomalía de crear dos (2) términos apelativos jurisdiccionales, con las consabidas ventajas y desventajas que ello significa*. A fin de cuentas, sobre una misma sentencia no pueden haber válidamente, con fechas distintas, dos (2) archivos en autos de la copia de su notificación.

■ Las Reglas 65.3 y 67.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, establecen la forma como se hará toda notificación.[1] Si se utiliza el correo, *se entenderá que los abogados serán notificados a la vez y, correctamente, a sus direcciones conocidas en el expediente*. Cuando por equivocación no se hace de esa manera ni se da esa simultaneidad, la notificación es a priori defectuosa y no se activan ni comienzan a transcurrir los términos jurisdiccionales para

---

[1] En lo pertinente:

*"65.3.    Notificación de órdenes y sentencias*

"(a) Inmediatamente después de archivarse en autos copia de una orden o sentencia, el secretario notificará tal archivo a todas las partes que hubieren comparecido en el pleito en la forma preceptuada en la Regla 67. El depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales se requiera por estas reglas una notificación del archivo de una orden o sentencia.

.    .    .    .    .    .    .    .

"(c) El secretario hará constar en la copia de la constancia de la notificación que una a los autos originales la fecha y forma en que se hizo la notificación y la persona o personas notificadas.

"Si la notificación se diligenciare personalmente, entonces deberá unirse a los autos la certificación del alguacil o del empleado del tribunal que hiciere la notificación, o la declaración jurada de la persona particular que acredite la diligencia ...." 32 L.P.R.A. Ap. III, R. 65.3.

*"67.2    Forma de hacer la notificación*

"Siempre que una parte haya comparecido representada por abogado, la notificación se hará al abogado, a menos que el tribunal ordene que la notificación se haga a la parte misma. La notificación al abogado o a la parte se hará entregándole copia o remitiéndosela por correo a su última dirección conocida, o de ésta no conocerse, dejándola en poder del secretario del tribunal. Entregar una copia, conforme a esta regla, significa ponerla en manos del abogado o de la parte, o dejarla en su oficina en poder de su secretaria o de otra persona a cargo de la misma; o, si no hubiere alguien encargado de la oficina dejándola en algún sitio conspicuo de la misma, o si la oficina estuviere cerrada o la persona a ser notificada no tuviere oficina, dejándosela en su domicilio o residencia habitual en poder de alguna persona que no sea menor de 18 años que resida allí. La notificación por correo quedará perfeccionada al ser depositada en el correo."

presentar el memorando de costas, pedir reconsideración, solicitar determinaciones o enmiendas a conclusiones de hecho o de derecho, o apelar.

En consecuencia, del recurso de *certiorari* Núm. CC-97-509, resolvemos que el Tribunal de Circuito de Apelaciones asumió válidamente jurisdicción sobre la apelación presentada dentro de los treinta (30) días de haberse archivado correctamente en autos una copia de la notificación enmendada de la sentencia. Como corolario, dicho foro debe pasar juicio sobre los méritos de ese recurso.

## III

Ahora bien, en cuanto al *certiorari* Núm. CC-97-536, concluimos que incidió el Tribunal de Circuito de Apelaciones al paralizar los efectos del *injunction*.

La Ley de la Judicatura de Puerto Rico de 1994 dispone que, salvo una orden al contrario, la presentación de una apelación ante el Tribunal de Circuito de Apelaciones en casos civiles suspende los procedimientos ante el tribunal de instancia. Cualquier cuestión no comprendida en la apelación, puede continuar considerándose por el foro apelado. 4 L.P.R.A. sec. 22k.

Sin embargo, esta norma general queda cualificada por la Regla 53.9(d)(1) de Procedimiento Civil, según enmendada, 32 L.P.R.A. Ap. III, y la Regla 18(2) del Reglamento del Tribunal de Circuito de Apelaciones, 4 L.P.R.A. Ap. XXII-A, el cual consigna que si la decisión apelada incluye como remedio una orden de *injunction* sus efectos no serán suspendidos.[2]

En el caso de autos hemos visto que la sentencia apelada declaró con lugar una petición de interdicto preliminar y concedió como único remedio el nombramiento de un

---

[2] También incluye una orden de *mandamus* o de hacer o desistir, una orden de pago de alimentos, o una orden sobre custodia o relaciones filiales.

coadministrador. Al amparo de la normativa expuesta, la presentación de la apelación no suspendió automáticamente sus efectos ni los procedimientos en el tribunal de instancia.

■ Por esta razón, junto a la apelación, García Lloréns *et al.* solicitaron en auxilio de jurisdicción la paralización de sus efectos. En *Peña v. Federación de Esgrima de P.R.*, 108 D.P.R. 147 (1978), establecimos que para que proceda una solicitud de suspensión de los efectos de una sentencia de interdicto, mientras pende una apelación, el peticionario tiene que: (a) presentar un caso fuerte en los méritos; (b) demostrar que si no se detiene la ejecución de la sentencia sufrirá daños irreparables; (c) que la paralización no causará daño alguno a los apelados, y (d) que tampoco la paralización generará daños al interés público.[3]

■ Indicamos, además, en *Peña v. Federación de Esgrima de P.R.*, supra, pág. 154, que

> ... la autoridad para suspender los efectos de la sentencia y detener su ejecución ... debe residir *también* en la sala de instancia que por su contacto inmediato con la prueba, ... se halla en posición excepcional para ejercer el sano arbitrio entre los intereses, conveniencias y perjuicios de una y otra parte afectados por la concesión o denegación de efecto suspensivo a la sentencia. (Énfasis suplido.)

Si bien al presente el pronunciamiento de *Peña v. Federación de Esgrima de P.R.*, supra, ha variado y el Tribunal de Circuito de Apelaciones tiene la facultad para, en auxilio de jurisdicción, paralizar los efectos de una orden de *injunction*, ello no da traste a la norma de deferencia hacia el tribunal de instancia, fundamentada precisamente en el contacto con la prueba y los demás elementos decisorios.

---

[3] *Sobre el contenido del recurso de revisión discrecional contra resolución final de un organismo administrativo, y los requisitos para la expedición, como remedio provisional de un injunction en auxilio de jurisdicción, véase Misión Ind. P.R. v. J.P. y A.A.A., 142 D.P.R. 656 (1997).*

La sentencia parcial apelada está documentada en unas cien (100) páginas, en las cuales el tribunal de instancia determinó, luego de realizar un examen integral de la prueba desfilada, que los hechos probados ameritaban como remedio imposponible y necesario el nombramiento de un coadministrador. Las serias discrepancias entre los protagonistas y el evitar mayores dificultades en los servicios de salud y hospitalarios que brindan las corporaciones implicadas, nos mueven a concluir que estamos ante un caso en que no debe suspenderse los efectos del *injunction* preliminar.

*Se dictará la sentencia correspondiente.*

El Juez Presidente Señor Andréu García y el Juez Asociado Señor Corrada Del Río no intervinieron.