ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| GRACIANO ACEVEDO BARRETO; MARÍA MILAGROS BARRETO BOSQUES Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Apelantes<br><br>v.<br><br>LUIS ANTONIO VARGAS PÉREZ; DRUCILA ESTHER CORDERO HERNÁNDEZ Y LA SOCIEDAD LEGAL DE GANANCIALES COMPUESTA POR AMBOS<br><br>Apelados | KLAN202301090 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Aguadilla<br><br>Caso Núm.: SS2022CV00087<br><br>Sobre: Incumplimiento de Contrato y Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

### SENTENCIA

En San Juan, Puerto Rico, a 18 de enero de 2024.

Comparece el señor Graciano Acevedo Barreto (en adelante, señor Acevedo Barreto) y la señora María Milagros Barreto Bosques (en adelante, señora Barreto Bosques) y la Sociedad Legal de Gananciales (en adelante, SLG) compuesta por ambos (en adelante y en conjunto, parte apelante) mediante un recurso de *Apelación*, para solicitarnos la revisión de la *Sentencia Parcial* emitida el 14 de julio de 2023, y notificada el 17 de julio de 2023, por el Tribunal de Primera Instancia, Sala Superior de Aguadilla (en adelante, TPI).[1] Mediante la *Sentencia Parcial* apelada, el foro primario declaró parcialmente Ha Lugar una *Moción de Desestimación* presentada por la parte apelada por lo que desestimó la *Demanda* presentada en cuanto a la señora Drucila Esther Cordero Hernández (en adelante,

---

[1] Apéndice de la parte apelante, a las págs. 16-22.

Número Identificador

SEN2024_____

señora Cordero Hernández) y la SLG compuesta con el señor Luis Antonio Vargas Pérez (en adelante, señor Vargas Pérez y en conjunto, parte apelada).[2] Además, no surgiendo de los autos el diligenciamiento de los emplazamientos en cuanto a los demás codemandados, desestimó la acción sin perjuicio, al amparo de la Regla 4.3(c) y 4.6(c) de las Procedimiento Civil.[3]

Por los fundamentos que expondremos, se confirma la *Sentencia Parcial* apelada en lo concerniente a la desestimación de la causa de acción por incumplimiento de contrato contra la señora Cordero Hernández y la SLG. No obstante, se revoca la desestimación de la causa de acción por daños y perjuicios contra la señora Cordero Hernández y la SLG. De igual forma, se revoca la determinación en cuanto a la deposición para autorizar que la misma le sea realizada a la señora Cordero Hernández.

**I**

El caso ante nuestra consideración comenzó el 14 de febrero de 2022, con la presentación de una *Demanda* sobre incumplimiento de contrato y daños y perjuicios presentada por la parte apelante contra la parte apelada, entre otros.[4] En la *Demanda*, la parte apelante adujo que las partes acordaron una opción de compra de veintisiete (27) cuerdas en el Barrio Voladora en el municipio de Moca, por la suma de $1,600,000.00 dólares. Arguyó que luego de varias conversaciones con la parte apelada, le entregó el pronto que presuntamente le fue requerido, desglosado de la siguiente forma: $90,000.00 dólares en un cheque y $10,000.00 dólares en efectivo, para un total de $100,000.00 dólares. Alegó que, tras la entrega del pronto, el contrato[5] se perfeccionó y que, como

---

[2] Apéndice de la parte apelante, a las págs. 20-21.
[3] Apéndice de la parte apelante, a la pág. 21. 32 LPRA Ap. V, R. 4.3(c) y 4.6 (c).
[4] Apéndice de la parte apelante, a las págs. 1-10 y apéndice de la parte apelada, a las págs. 8-17.
[5] Apéndice de la parte apelante, a la pág. 14 y apéndice de la parte apelada, a la pág. 48.

parte de las negociaciones y la opción de compra, acordaron que el restante precio de venta, entiéndase, $1,500,000.00 dólares se pagaría en o antes de doce (12) meses a partir de la entrega del pronto. También alegó que, una vez el señor Vargas Pérez recibió el pronto de $100,000.00 dólares, ayudó a la parte apelante a redactar un contrato en manuscrito, el cual se leyó y, tras estar de acuerdo, el señor Vargas Pérez procedió a firmar. Conforme surge de las alegaciones, en el acto de la entrega del pronto, y para finiquitar la opción, los términos y la venta, estuvo presente la señora Cordero Hernández (esposa del señor Vargas Pérez), quien quedó enterada y prestó su consentimiento. La parte apelante arguyó que la negociación antes descrita fue grabada con el fin de mostrársela, en ánimos de celebración, a la señora Barreto Bosques. Adujo que el contrato fue fotografiado y enviado al hijo del señor Vargas Pérez, Antonio Vargas, a través de una aplicación electrónica a solicitud del primero.

Posteriormente, y según se desprende de la *Demanda*, el señor Vargas Pérez depositó el cheque que le fue entregado. Adujo que, al día siguiente, este se comunicó con la parte apelante para informarles que el negocio no se daría y que les haría llegar el dinero. Arguyó que la parte apelada ha incumplido el contrato y que ha retenido las sumas de dinero dadas como opción a compra y reclamó unas partidas por concepto de daños y perjuicios, así como costas, gastos y honorarios de abogado. Solicitó, además, en síntesis, el cumplimiento específico con la opción a compra, a que se elevarla la misma a escritura pública y posteriormente al otorgamiento de la compraventa. Además, solicitó un pago por los daños causados, entiéndase: al privar del uso y disfrute de la propiedad, impedir adquirir oportunidades comerciales, daños a la reputación comercial y personal, angustias mentales y temeridad en concepto

de costas, gastos y honorarios de abogado. Por último, solicitó una orden de prohibición de enajenación o gravamen de la propiedad.

El 19 de octubre de 2022, la parte apelada presentó su *Contestación a la Demanda*.[6] En ella, prácticamente negaron todas las alegaciones de la *Demanda* y presentaron una serie de defensas afirmativas.

De lo que sigue, se desprende de los autos que, el 18 de abril de 2023, la parte apelada presentó una *Moción de Desestimación*[7] al amparo de la Regla 10.2 de las Reglas de Procedimiento Civil,[8] y, el 29 de mayo de 2023, la parte apelante una *Oposición a Moción de Desestimación*.[9] Conforme se desprende, la parte apelada solicitó la desestimación de la causa de acción por dos (2) fundamentos. El *primero* fue una alegada falta de capacidad cognoscitiva del señor Vargas Pérez, asunto que fue declinado por el TPI, tras razonar que este asunto ni siquiera surgía de las alegaciones fácticas de la *Demanda,* ni tampoco había documentos en apoyo a que este hubiese sido declarado incapaz.[10] El *segundo* fue que la transacción objeto de autos careció del consentimiento expreso de la señora Cordero Hernández, detalle que era necesario por tratarse de una transacción de un bien inmueble de carácter ganancial y que esta, además, no estaba en disposición de ratificar el contrato.[11]

Por su parte, la parte apelante sostuvo que en el contrato otorgado hubo consentimiento, objeto y causa, puesto a que se recibieron las prestaciones y fueron depositadas en una cuenta bancaria y que al presente la retenían.[12] Negó que el señor Vargas Pérez estuviese incapacitado. En cuanto al consentimiento del

---

[6] Apéndice de la parte apelante, a las págs. 11-13 y apéndice de la parte apelada, a las págs. 18-20.
[7] En el SUMAC, a la entrada 69.
[8] 32 LPRA Ap. V, R. 10.2.
[9] Apéndice de la parte apelante, a la pág. 16. En el SUMAC, a la entrada 75.
[10] *Id.*
[11] *Id.*
[12] *Id.*

contrato por parte de la señora Cordero Hernández esbozó que esta estuvo presente y consintió al mismo. Como prueba de lo anterior, expresó contar con un video del momento del otorgamiento y que la señora a Cordero Hernández se encontraba contenta y satisfecha.[13] Aceptó que la señora Cordero Hernández no firmó el contrato, pero estuvo presente y dio su anuencia.[14]

En respuesta, el 14 de julio de 2023, notificada el 17 de julio de 2023, el foro primario emitió una *Sentencia Parcial* mediante la cual declaró parcialmente Ha Lugar la *Moción de Desestimación*.[15] Respecto al señor Vargas Pérez, determinó que no surgía de las alegaciones o documento que este hubiese sido declarado incapaz. Dispuso la desestimación de la *Demanda* en cuanto a la señora Cordero Hernández y la SLG compuesta por el señor Vargas Pérez y la señora Cordero Hernández. Además, desestimó la causa de acción, sin perjuicio en cuanto a los demás codemandados no habiéndose diligenciado los emplazamientos, amparándose en la Regla 4.3(c) y 4.6(c) de Procedimiento Civil.[16]

Inconforme, el 31 de julio de 2023, la parte apelante presentó una *Moción de Reconsideración*.[17] Adujo que la *Sentencia Parcial* emitida por el foro primario tenía el efecto de desestimar la causa de acción referente a la opción de compra en favor de la parte apelada pero, además, desestimaba la causa de acción sobre daños y perjuicios incoada en la *Demanda*.[18] Expresó que en el presente caso no había concluido el descubrimiento de prueba, lo que presuntamente le privaba de probar el consentimiento de la parte apelada y del cual se desprendía la aceptación y satisfacción con la

---

[13] *Id.*

[14] Apéndice de la parte apelante, a la pág. 17.

[15] Apéndice de la parte apelante, a las págs. 16-22 y apéndice de la parte apelada, a las págs. 1-7.

[16] Apéndice de la parte apelante, a las págs. 20-21. 32 LPRA Ap. V, R. 4.3 (c) y 4.6 (c).

[17] Apéndice de la parte apelante, a las págs. 23-36 y apéndice de la parte apelada, a las págs. 21-29.

[18] Apéndice de la parte apelante, a la pág. 24.

opción a compra. Además, expresó, en síntesis, que nada se había solicitado en cuanto a las alegaciones sobre daños y perjuicios por lo que no debían ser desestimadas.[19] La parte apelante solicitó que se reconsiderara el dictamen emitido y denegara la *Moción de Desestimación.*

Por su parte, el 21 de agosto de 2023, la parte apelada presentó su *Oposición a Moción de Reconsideración.*[20] En ella, se opuso a la solicitud presentada por la parte apelante. Alegó que esta parte nunca consintió a ser grabado en video. Además, expresaron que el contrato de opción era nulo por no haber sido firmado también por la señora Cordero Hernández. Por su parte, el 22 de agosto de 2023, la parte apelante presentó una moción de réplica.

En respuesta, el 4 de octubre de 2023, el tribunal *a quo* emitió y notificó una *Resolución* mediante la cual declaró Ha Lugar la *Moción de Reconsideración* presentada por la parte apelada.[21] El foro primario concluyó que el contrato de opción se hizo constar mediante un documento privado sin el consentimiento escrito de la señora Cordero Hernández y determinó que dicho consentimiento debía ser objeto de prueba, por lo que no procedía la desestimación de la causa de acción en esa etapa de los procedimientos.[22] Además, dispuso que, en cuanto a la causa de acción en daños y perjuicios relacionada a la señora Cordero Hernández, habiendo concluido que no procedía la desestimación contra esta, tampoco procedía hacerlo en cuanto a esta otra causa de acción.[23] Por consiguiente, dejó sin efecto la *Sentencia Parcial* emitida el 14 de julio de 2023.

En desacuerdo con el nuevo curso decisorio de la primera instancia judicial por vía de reconsideración, el 13 de octubre de

---

[19] Apéndice de la parte apelante, a la pág. 25.
[20] Apéndice de la parte apelante, a las págs. 37-39 y apéndice de la parte apelante, a las págs. 30-32.
[21] Apéndice de la parte apelante, a las págs. 40-42 y apéndice de la parte apelada, a las págs. 33-34.
[22] Apéndice de la parte apelante, a la pág. 41.
[23] *Id.*

2023, la parte apelada presentó una *Moción en Solicitud de Reconsideración*.[24] Expusieron que, siendo el contrato de opción un contrato preparatorio, se requería el consentimiento por escrito de ambos cónyuges. Abundó que, lo que es nulo, o sea el contrato, no produce resultados jurídicos y ante la ausencia de consentimiento no procede la causa de acción por daños y perjuicios. Allí, expuso que en su dictamen inicial el foro primario había resuelto conforme a derecho y que, como tal, por vía de reconsideración, debía reinstalarse la *Sentencia Parcial* tal y cual resuelta.

El 23 de octubre de 2023, la parte apelante se opuso a la solicitud presentada por la parte apelada.[25] Expusieron que, debido a que no existían planteamientos nuevos, el foro primario debía declarar de plano no ha lugar la *Moción en Solicitud de Reconsideración.*

De ahí, mediante *Resolución* emitida el 7 de noviembre de 2023 y notificada el 8 de noviembre de 2023, el foro primario declaró Ha Lugar la solicitud de reconsideración y, en consecuencia, restituyó la *Sentencia Parcial* emitida el 14 de julio de 2023.[26] Además, no autorizó la deposición a la señora Cordero Hernández.

Insatisfechos aún, el 5 de diciembre de 2023, la parte apelante presentó ante este Tribunal un recurso de apelación en el cual esgrimieron la comisión de los siguientes tres (3) errores:

PRIMER ERROR PLANTEADO:
Erró el Tribunal de Instancia al resolver que la Apelada Sra. Drucila Cordero Hernández, no prest[ó] su consentimiento al contrato de opción de compra o preparatorio.

SEGUNDO ERROR PLANTEADO:
Erró el Tribunal de Instancia al resolver que el contrato de opción de compra o preparatorio tiene que ser pactado por escrito y requiere la firma de ambos cónyuges.

---

[24] Apéndice de la parte apelante, a las págs. 43-48 y apéndice de la parte apelada, a las págs. 35-40.
[25] Apéndice de la parte apelante, a las págs. 49-52 y apéndice de la parte apelada, a las págs. 41-44.
[26] Apéndice de la parte apelante, a las págs. 53-55 y apéndice de la parte apelada, a las págs. 45-46.

TERCER ERROR PLANTEADO:
Erró el Tribunal de Instancia al desestimar la demanda de daños y perjuicios en favor de la Sra. Drucila Cordero Hernández y la Sociedad Legal de Bienes Gananciales compuesta por ésta y el Sr. Luis Antonio Vargas Pérez y expresamente prohibir la toma de la deposición de la Apelada[,] Sra. Drucila Cordero Hernández.

El 4 de enero de 2024, la parte apelada presentó su *Alegato en Oposición*. Contando con la comparecencia de ambas partes, procederemos a exponer el derecho aplicable.

**II**

**A. Recurso de Apelación**

La Regla 52.2 (a) de las Reglas de Procedimiento Civil[27], dispone que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días desde el archivo en autos de copia de la notificación de la sentencia recurrida. Como es conocido, un plazo jurisdiccional es de carácter fatal. Ello quiere decir que no admite justa causa, es improrrogable, y que su incumplimiento es insubsanable.[28] La correcta notificación de una sentencia es una característica imprescindible del debido proceso judicial.[29] Como corolario de lo anterior, la Regla 13(A) del Reglamento de este Tribunal establece que:

Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia.[30]
[...]

No obstante, el término de treinta (30) días para acudir en alzada puede quedar interrumpido mediante la presentación oportuna de una moción de reconsideración fundamentada.[31] En tal caso, el curso del término para apelar comienza a partir del archivo en autos copia de la notificación de la resolución que resuelve la

---

[27] 32 LPRA Ap. V, R. 52.2 (a).
[28] *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000). *Arriaga v. FSE*, 145 DPR 122, 131 (1998). *Loperena Irizarry v. ELA*, 106 DPR 357, 360 (1977).
[29] *Rodríguez Mora v. García Lloréns*, 147 DPR 305, 309 (1998).
[30] 4 LPRA Ap. XXII-B, R. 13 (A).
[31] 32 LPRA Ap. V, R. 47.

moción.[32] Esto, a pesar de que se haya declarado la moción No Ha Lugar.

### B. Regla 10.2 de las Reglas de Procedimiento Civil

La Regla 10.2 de las Reglas de Procedimiento Civil regula la presentación de defensas y objeciones a una reclamación judicial.[33] La moción de desestimación al amparo de esta regla es una defensa especial que formula el demandado en la que solicita que se desestime la demanda presentada en su contra, aun sin necesidad de formular una alegación previa.[34]

La regla establece que:

Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada:
(1) falta de jurisdicción sobre la materia;
(2) falta de jurisdicción sobre la persona;
(3) insuficiencia del emplazamiento;
(4) insuficiencia del diligenciamiento del emplazamiento;
(5) dejar de exponer una reclamación que justifique la concesión de un remedio;
(6) dejar de acumular una parte indispensable.[35]

El tribunal interpretará las alegaciones de la demanda conjuntamente, de forma liberal y de la manera más favorable posible a la parte demandante para determinar si la misma es suficiente para constituir una reclamación válida.[36] No obstante, procederá la desestimación cuando existan circunstancias que permitan a los tribunales determinar, sin ambigüedades, que la demanda carece de todo mérito o que la parte demandante no tiene derecho a obtener algún remedio.[37]

---

[32] *Id.*
[33] 32 LPRA Ap. V, R. 10.2.
[34] *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, 428 (2008). *Colón v. Lotería,* 167 DPR 625, 649 (2006).
[35] 32 LPRA Ap. V, R. 10.2.
[36] *Torres, Torres v. Torres et al.*, 179 DPR 481, 501 (2010). *Pressure Vessels PR v. Empire Gas PR*, 137 DPR 497, 505 (1994).
[37] *González Méndez v. Acción Social et al.,* 196 DPR 213, 235 (2016).

### C. La Solicitud de Reconsideración

Una parte adversamente afectada por una orden o una resolución del TPI podrá presentar una moción solicitando la reconsideración de la orden o la resolución, dentro del término de cumplimiento estricto de quince (15) días, contados a partir de la fecha de la notificación de la orden o resolución. Así lo dispone la Regla 47 de las Reglas de Procedimiento Civil.[38]

Al presentar una moción de reconsideración ante el TPI de manera oportuna, los términos concedidos para acudir en revisión judicial quedarán paralizados, siempre y cuando su contenido cumpla con los requisitos expuestos en la Regla 47 de las Reglas de Procedimiento Civil.[39] "[S]alvo mociones escuetas y sin fundamentos de clase alguna, una moción que razonablemente cuestiona la decisión y la cual fundamente su planteamiento, será suficiente para cumplir con la regla".[40] A tales efectos, expone la referida Regla 47:

> […]
> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.
> La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.[41]

En dichas instancias, los términos para recurrir en alzada al Tribunal de Apelaciones quedarán suspendidos para todas las partes.[42] El término comenzará a decursar nuevamente a partir de la fecha en que se archive en autos copia de la notificación de la

---

[38] 32 LPRA Ap. V, R. 47.
[39] *Id. Colón Burgos v. Marrero Rodríguez*, 201 DPR 330, 338 (2018). *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 167 (2016). *Mun. Rincón v. Velázquez Muñiz y otros*, 192 DPR 989, 999 (2015). *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 8–9 (2014).
[40] J.A. CUEVAS SEGARRA, *TRATADO DE DERECHO PROCESAL CIVIL* 1366 (2011). *Colón Burgos v. Marrero Rodríguez, Id.*
[41] 32 LPRA Ap. V, R. 47.
[42] *Colón Burgos v. Marrero Rodríguez, supra.*

resolución para resolver la moción de reconsideración.[43] Ahora bien, ¿qué ocurre cuando, luego de interrumpido el término para apelar mediante una moción de reconsideración y, posterior a que esta sea resuelta y se haya emitido la correspondiente resolución, una parte afectada por dicha resolución presenta una segunda moción de reconsideración? ¿Se interrumpe nuevamente el término para apelar? El Tribunal Supremo de Puerto Rico (en adelante, Tribunal Supremo) tuvo la oportunidad de resolver tal interrogante recientemente.

En *Colón Burgos v. Marrero Rodríguez*[44], nuestro más alto foro tuvo la tarea de analizar "si la posterior moción de reconsideración — indistintamente de la parte que la presente— cuyo fin es reconsiderar un dictamen sustancialmente modificado como consecuencia de la primera reconsideración, tiene el efecto de interrumpir el término para recurrir al foro apelativo intermedio".[45] Para ello, analizó lo expresado en cuanto a la presentación de una moción de determinaciones de hechos y conclusiones de derecho adicionales ante el TPI, por ser "moción hermana" de la moción de reconsideración.[46]

Tras su análisis, el Tribunal Supremo llegó a la siguiente conclusión:

> [R]esolvemos hoy que una moción de reconsideración de este tipo interrumpe el término para recurrir al Tribunal de Apelaciones cuando: (1) **el dictamen impugnado fue alterado sustancialmente como consecuencia de una Moción de Reconsideración anterior, independientemente de quien la haya presentado**, y (2) cumple con los criterios de especificidad y particularidad de la Regla 47 de Procedimiento Civil, *supra*.[47] (Énfasis suplido).

---

[43] *Id. Plan Salud Unión v. Seaboard Sur. Co.*, 182 DPR 714, 719 (2011). *Insular Highway v. A.I.I. Co.*, 174 DPR 793, 805 (2008). *Lagares v. ELA*, 144 DPR 601, 613 (1997).

[44] *Colón Burgos v. Marrero Rodríguez, supra*.

[45] *Id.*, 339.

[46] *Id.*

[47] *Id.*, 341.

En vista de ello, se entiende que la presentación de una segunda moción de reconsideración interrumpe el término para acudir ante este Tribunal de Apelaciones solo cuando esta exponga (i) cuáles son los hechos o el derecho a reconsiderarse, y (ii) cuáles son las alteraciones sustanciales producto de la primera reconsideración cuya reconsideración se solicita por primera vez.[48] De esta manera, se impide que el término para recurrir en revisión judicial quede extendido indefinidamente por la presentación de subsiguientes mociones de reconsideración frívolas, basadas en los mismos fundamentos.[49]

### D. Teoría general de los contratos

El contrato ha sido definido como el negocio jurídico bilateral por el cual dos (2) o más partes expresan su consentimiento en la forma prevista por la ley, para crear, regular, modificar o extinguir obligaciones.[50] Dichas obligaciones contractuales tienen fuerza de ley entre las partes ante sus sucesores y ante terceros en la forma que dispone la ley.[51] Consecuentemente, respecto a la indemnización por responsabilidad civil se dispone: "La persona que de cualquier modo contraviene el tenor de su obligación, debe indemnizar los daños y perjuicios causados".[52]

De conformidad con lo anterior, son daños y perjuicios indemnizables los siguientes:

> El deudor de buena fe responde de los daños y perjuicios previstos o previsibles al tiempo de constituirse la obligación.
> En caso de dolo, el deudor responde de todos los daños y perjuicios que se deriven de su incumplimiento.[53]

En tanto en cuanto, existe una facultad implícita de resolución:

---

[48] *Id.*, 341-342.
[49] *Id.*, 342.
[50] 31 LPRA § 9751, Art. 1230.
[51] 31 LPRA § 9754, Art. 1233.
[52] 31 LPRA § 9303, Art. 1158.
[53] 31 LPRA § 9332, Art. 1168.

> En los contratos con prestaciones recíprocas se encuentra implícita la facultad de resolver extrajudicialmente el contrato por falta de cumplimiento de una obligación principal, conforme a las siguientes reglas:
> (a) la parte incumplidora debe estar en mora;
> (b) debe requerirse a la parte incumplidora, bajo apercibimiento de resolver el contrato total o parcialmente, que cumpla su obligación, incluyendo el daño moratorio;
> (c) las prestaciones parcialmente cumplidas no se resuelven y quedan firmes;
> (d) la resolución opera al momento de vencer el requerimiento;
> (e) la resolución produce el efecto previsto en este Código para la condición resolutoria cumplida; y
> (f) puede reclamarse el cumplimiento y el resarcimiento de daños.[54]
> […]

Las partes contratantes, bajo el principio de autonomía contractual, pueden establecer las cláusulas que tengan por convenientes, siempre que no sean contrarias a la ley, a la moral, ni al orden público.[55] Por lo tanto, el contrato queda perfeccionado desde que las partes manifiestan su consentimiento sobre el objeto y la causa, salvo en los casos en que se requiere el cumplimiento de una formalidad solemne o cuando se pacta una condición suspensiva.[56] Es menester destacar, que las reglas en cuanto a la interpretación contractual son que: (i) se presume que el negocio jurídico se otorga de buena fe; (ii) si los términos de un contrato son claros y no dejan duda sobre la intención de los contratantes o ambigüedades, se estará al sentido literal de sus cláusulas; y, (iii) para determinar la intención, debe atenderse principalmente a la conducta de la parte, sea coetánea, posterior o aún anterior al otorgamiento del negocio jurídico.[57]

Por otro lado, un negocio jurídico puede ser nulo o anulable.[58] El negocio jurídico es nulo si: (i) el objeto, la causa o el consentimiento son inexistentes; (ii) el objeto o la causa son ilícitos;

---

[54] 31 LPRA § 9823, Art. 1255.
[55] 31 LPRA § 9753, Art. 1232.
[56] 31 LPRA § 9771, Art. 1237.
[57] 31 LPRA § 6342, Art. 354.
[58] 31 LPRA § 6312, Art. 342.

(iii) carece de las formalidades exigidas por la ley para su validez; o, (iv) si es contrario a la ley imperativa, la moral o el orden público.[59] Por su parte, es anulable si el otorgante tiene incapacidad de obrar, si concurre algún vicio de la voluntad, o si el acto adolece de un defecto de forma no solemne.[60] A esos efectos, los vicios de la voluntad son el error, el dolo, la violencia y la intimidación.[61]

### E. El Contrato de Opción a Compra

El Título VIII del Código Civil aborda lo relativo a los derechos de adquisición preferente. A su vez, las disposiciones del Capítulo II son referente al derecho de opción. La opción de compra ha sido definida como el derecho que faculta a su titular para que decida durante un plazo determinado, mediante la manifestación de su aceptación, el perfeccionamiento del contrato de compraventa que ha sido ya acordado en todos sus aspectos fundamentales y secundarios y a cuyo cumplimiento se mantiene comprometido el concedente durante el plazo prefijado.[62]

El derecho de opción tiene algunos requisitos para su título de constitución.[63] El título de constitución debe contener las estipulaciones y el domicilio a efectos de las notificaciones preceptivas y demás pactos que el constituyente o los constituyentes tengan por conveniente.[64] Además, debe contener los siguientes requisitos: (i) el plazo de duración del derecho y, si procede, el plazo para su ejercicio; (ii) en su caso, la voluntad del constituyente o de los constituyentes de configurar el derecho con carácter real; (iii) el precio o contraprestación para la adquisición del bien o los criterios para su fijación, cuando se trate de un derecho de opción a una adquisición onerosa, indicando el precio estipulado para su

---

[59] *Id.*
[60] *Id.*
[61] 31 LPRA § 6191, Art. 285.
[62] 31 LPRA § 8821, Art. 1029.
[63] 31 LPRA § 8822, Art. 1030.
[64] *Id.*

adquisición; (iv) cuando se prevean cláusulas de estabilización, deben contener criterios objetivos y el precio debe poder fijarse con una simple operación aritmética; y (v) la prima pactada para su constitución, cuando el derecho se constituye a título oneroso, indicando el precio convenido.[65] Dichos contratos de opción de compra se pueden inscribir cuando cumplan con los requisitos antes mencionados y consten en escritura pública.[66]

### III

Tenemos ante nuestra consideración un recurso de *Apelación* en el cual la parte apelante elaboró tres (3) errores que, a su juicio, cometió el TPI. Tras juzgar que los errores esgrimidos guardan relación entre sí, procederemos a discutirlos de forma conjunta. La parte apelante plantea que el foro primario incidió al desestimar la *Demanda*, prohibiendo expresamente la toma de una deposición a la señora Cordero Hernández. También, razonan que incidió al resolver que esta última no prestó su consentimiento al contrato de opción de compra o preparatorio y que el susodicho contrato de opción de compra o preparatorio tiene que pactarse por escrito y requiere la firma de ambos cónyuges. Veamos.

Acentuamos que, cuando se presente una moción de desestimación al amparo de la Regla 10.2 de las Reglas de Procedimiento Civil, el tribunal interpretará las alegaciones de la demanda conjuntamente, de forma liberal y de la manera más favorable posible a la parte demandante para determinar si la misma es suficiente para constituir una reclamación válida.[67] Sin embargo, procederá la desestimación cuando existan circunstancias que permitan a los tribunales determinar, sin ambigüedades, que la

---

[65] 31 LPRA § 8822, Art. 1030.
[66] *Id.*
[67] 32 LPRA Ap. V, R. 10.2. *Torres, Torres v. Torres et al., supra. Pressure Vessels PR v. Empire Gas PR, supra.*

demanda carece de todo mérito o que la parte demandante no tiene derecho a obtener algún remedio.[68]

Debemos recordar, que tanto el señor Acevedo Barreto y la señora Barreto Bosques, como el señor Vargas Pérez y la señora Cordero Hernández, están casados bajo una SLG.

El Código Civil dispone lo concerniente a la gestión conjunta sobre bienes comunes:

> En ausencia de capitulaciones matrimoniales, la administración y la disposición de los bienes gananciales corresponde conjuntamente a ambos cónyuges. Todo acto que sobre dichos bienes haga cualquiera de los cónyuges en contravención a este artículo, y lo demás dispuesto en este título, no perjudica al otro cónyuge ni a sus herederos.[69]
> [...]

A la luz de lo anterior, en lo que respecta al consentimiento dual para actos de disposición el Código explica que:

> [...]
> Para realizar actos de disposición a título oneroso sobre bienes gananciales se requiere el consentimiento escrito de ambos cónyuges. Tal consentimiento es indispensable, pero el cónyuge que no ha consentido puede ratificarlo posteriormente. En este caso, la validez y la eficacia del acto comienzan a partir de la ratificación, salvo acuerdo en contrario. A falta de ratificación oportuna, el acto es nulo y sus consecuencias son de la exclusiva responsabilidad del cónyuge que consiente unilateralmente.[70]

Así, las cosas, existen sanciones cuando falta el consentimiento dual. Quiérase decir, cuando la ley requiere que uno de los cónyuges actúe con el consentimiento del otro para realizar un acto de administración o de disposición sobre bienes comunes, tal acto puede anularse a instancias del cónyuge cuyo consentimiento se ha omitido, o de sus herederos.[71] Así, pues, un negocio ratificable es ineficaz y no surte efecto jurídico alguno hasta

---

[68] *González Méndez v. Acción Social et al., supra.*
[69] 31 LPRA § 6992, Art. 525.
[70] 31 LPRA § 6994, Art. 527.
[71] 31 LPRA § 6918, Art. 495.

tanto no sea ratificado, debido a que falta el consentimiento de una verdadera parte contratante.[72]

Debemos reiterar que, en su Declaración Jurada, la señora Codero Hernández declaró que:

> [...]
> 4. Que en relación a la demanda que nos radicó el Sr. Graciano Acevedo Barreto yo no participé, ni estuve en las negociaciones, ni mucho menos le hice recomendaciones.
> Que yo no firmé ni aprobé venta alguna de terreno.
> [...]
> 8. Que en ningún momento yo autoricé vender terreno al Sr. Graciano Acevedo Barreto y no hablé de negocio alguno con el caballero.
> 9. Que no autoricé, ni autorizo venta de esos terrenos que alega el Sr. Graciano Barreto.
> 10. Que hago esta declaración jurada a los fines de establecer y dejar claro que yo no firmé documento alguno, ni acordé negocio alguno con Graciano Acevedo Barreto y que no le hice recomendaciones de cómo utilizar el terreno.[73]
> [...]

A raíz de ello, el contrato queda perfeccionado desde que las partes manifiestan su consentimiento sobre el objeto y la causa, salvo en los casos en que se requiere el cumplimiento de una formalidad solemne o cuando se pacta una condición suspensiva.[74]

En lo que concierte al contrato preliminar / opción, el Código indica que:

> Por el contrato preliminar las partes se obligan a celebrar un contrato futuro. El contrato preliminar se denomina Opción si le atribuye a una sola de las partes la facultad de decidir sobre la celebración del contrato futuro.
> El contrato preliminar no está sujeto a cumplir las formalidades que debe satisfacer el contrato futuro.
> Si la parte requerida se niega al otorgamiento del nuevo contrato, el tribunal puede exigir a la misma estricto cumplimiento.

No obstante, además de que el contrato no contenía la firma de la señora Cordero Hernández, este tampoco cumplía con los requisitos dispuestos en el Artículo 1030 del Código Civil. Por tanto,

---

[72] *Soto v. Rivera*, 144 DPR 500, 515 (1997).
[73] Apéndice de la parte apelada, a la pág. 47.
[74] 31 LPRA § 9771, Art. 1238.

para que advenga a la vida jurídica un contrato de opción de compra, el mismo debe cumplir con los requisitos mínimos esenciales dispuestos en el Artículo 1030. Según el Profesor Michel Godreau, el contrato de opción de compra es:

> [l]a facultad que se le concede a un comprador para que decida durante un plazo determinado, mediante la manifestación de su aceptación, el perfeccionamiento del contrato de compraventa que ha sido ya acordado en todos los aspectos fundamentales y secundarios y a cuyo cumplimiento se mantiene comprometido el concedente durante todo el término de vigencia de la opción.[75]

Es nuestra apreciación, que el contrato de opción de compra constituye un gravamen oneroso sobre la propiedad que obliga su enajenación, si se ejerciera la opción, por lo que claramente se requeriría para su validez la concurrencia de todas las partes contratantes. Es un hecho claro que la señora Cordero Hernández no firmó el documento que recoge el acuerdo de opción de compra, es decir, este carecía de su consentimiento expreso. De igual forma, no surge de los autos que exista un documento que le confiera al señor Vargas Pérez la capacidad para enajenar o realizar actos que conlleven posteriormente la enajenación del inmueble optado. Además, se desprende del expediente que la señora Cordero Hernández no ha ratificado ni ha contemplado de forma alguna ratificar de alguna manera el acto de su esposo. No erró el foro primario al desestimar la causa de acción por incumplimiento de contrato contra la señora Cordero Hernández y la SLG.

En lo concerniente a la causa de acción de daños y perjuicios, la parte apelante había solicitado un pago por los daños causados, entiéndase: al privar del uso y disfrute de la propiedad, impedir adquirir oportunidades comerciales, daños a la reputación comercial y personal y angustias mentales. Considerado la totalidad

---

[75] Godreau, Michel J., *La opción de compra en Puerto Rico,* 53 Rev. Jur. U.P.R. 565, 576 (1984).

del expediente ante nos, juzgamos que el foro primario incidió al desestimar la causa de acción de daños y perjuicios contra la señora Cordero Hernández y la SLG en esta etapa de los procedimientos. El TPI debe permitir que el descubrimiento de prueba siga su curso, para así recibir prueba que le ayude a determinar si procede la causa de acción ejercitada por la parte apelante.

Por otro lado, en la *Resolución*, en segunda reconsideración, emitida por el Tribunal el 8 de noviembre de 2023, este no autorizó la deposición a la señora Cordero Hernández. La Regla 23 de las Reglas de Procedimiento Civil aborda las disposiciones generales respecto al descubrimiento de prueba. Debemos recordar que el descubrimiento de prueba es amplio y liberal. La Regla 23.2 (a) dispone que:

> (a) El tribunal, a iniciativa propia o a solicitud de parte, podrá limitar el alcance de los métodos de descubrimiento de prueba si determina lo siguiente: (i) que la prueba que se pretende descubrir es un duplicado de otra prueba o es irrazonablemente acumulativa; (ii) que la prueba puede obtenerse mediante otra forma más conveniente, menos onerosa y costosa para la parte a quien se le solicita; (iii) que la parte que solicita la prueba haya tenido oportunidad de obtenerla, o (iv) que los costos para obtener la prueba exceden el beneficio que ésta puede aportar al caso.[76]
> [...]

La Regla 27 de las Reglas de Procedimiento Civil regula las deposiciones mediante examen oral. A esos efectos, la Regla 27.1 señala cuándo podrán tomarse las deposiciones:

> (a) Luego de iniciado un pleito, cualquier parte podrá tomar el testimonio de cualquier persona, incluyendo el de una parte, mediante una deposición en forma de examen oral sin el permiso del tribunal, excepto que la parte demandante no podrá tomar ninguna deposición sin el permiso del tribunal dentro de los treinta (30) días siguientes a la fecha del emplazamiento de la parte demandada.[77]
> [...]

---

[76] 32 LPRA Ap. V, R. 23.2 (a).
[77] 32 LPRA Ap. V, R. 27.1.

Vemos que nuestras reglas procesales disponen que la toma de una deposición está disponible tanto para las partes como para terceras personas. En este caso, el foro primario desestimó la acción contra la señora Cordero Hernández y no autorizó la deposición. El error fue cometido. Conforme al curso decisorio de esta Curia la causa de acción sobre daños y perjuicios quedó viva, por lo anterior, la señora Cordero Hernández se mantendrá como parte y puede ser depuesta. Huelga, además, decir que, independiente a lo anterior, la señora Cordero Hernández pudo haber sido depuesta. Es por lo anterior que forzosamente concluimos que incidió el foro primario al no autorizar la toma de deposición a la señora Cordero Hernández.

**IV**

Por los fundamentos que anteceden, se *confirma* en parte y se *revoca* en parte la *Sentencia Parcial* apelada. Se *confirma* en lo concerniente a la desestimación de la causa de acción por incumplimiento de contrato contra la señora Cordero Hernández y la SLG. No obstante, se *revoca* en cuanto a la desestimación de la causa de acción por daños y perjuicios contra la señora Cordero Hernández y la SLG y se autoriza la toma de deposición. Se devuelve el caso al foro primario para la continuación de los procedimientos, en armonía con lo aquí resuelto.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones