ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| **MARIELYS COLÓN GONZÁLEZ JOHNATHAN NIEVES SOSA** | | **Apelación** acogida como *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina** |
| vs. | KLAN202500228 | Civil Núm.: **F DI2013-0839** |
| **EX PARTE** | | Sobre: Divorcio - Consentimiento Mutuo |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y la Juez Barresi Ramos.

Cintrón Cintrón, Jueza Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a  31 de marzo de 2025.

La peticionaria, señora Marielys Colón González, comparece *pro se* ante este Foro y solicita la revisión de la *Orden* emitida por el Tribunal de Primera Instancia (TPI), Sala Superior de Carolina, el 8 de enero de 2025. Mediante la misma, el TPI ordenó a la peticionaria pagar cierta deuda pendiente con la Administración para el Sustento de Menores (ASUME). Ello, dentro del contexto de una solicitud de autorización para relocalización de menores instada por el recurrido, el señor Johnathan Nieves Sosa.

Ahora bien, a pesar de que se instó un recurso de apelación, lo acogemos como un *certiorari*, toda vez que se recurre de una *Orden* interlocutoria emitida por el foro de instancia. Sin embargo, se mantendrá el mismo alfanumérico asignado por la Secretaría de este Tribunal de Apelaciones por cuestiones de economía procesal.

Por las razones que expresamos a continuación, se desestima el auto de *certiorari* solicitado por falta de jurisdicción ante su presentación prematura.

Número Identificador
RES2025 _____

**I.**

Según surge del expediente, las partes de epígrafe son los progenitores de JNC y JNC, de 15 y 14 años, respectivamente. El señor Nieves Sosa ostenta la custodia legal de ambas menores. El 25 de noviembre de 2024, este incoó una *Solicitud de Autorización para Relocalizar Menores fuera de la Jurisdicción de Puerto Rico*. Allí, entre otras cosas, informó que la señora Colón González tenía una deuda sobre pensión alimentaria ascendiente a $14,798.11. Además, el 26 de diciembre de 2024, el señor Nieves Sosa interpuso ante el TPI una solicitud urgente reiterando su intención de relocalizar a sus hijas al Estado de la Florida. El 3 de enero de 2025, el TPI dictó una *Orden*, por medio de la cual autorizó dicho petitorio.

Examinada la contestación a la solicitud de relocalización, el 8 de enero de 2025, el foro de instancia dictó la *Orden* que hoy revisamos. En esta, expresó lo siguiente:

1. Padre fue autorizado y sometió todo al expediente. Es responsabilidad de la parte mantener la dirección al día y la madre fue notificada a la dirección de récord.

2. Secretaría actualice información de la madre.

3. Surge del expediente que padre tiene custodia desde antes del 2018 y facultades tutelares.

4. Sobre la deuda, se debe pagar el total antes de 20 de marzo de 2025 y se le orienta a padre ir a ASUME Interestatal con la deuda.

Inconforme, la señora Colón González solicitó reconsideración, pero la misma fue denegada mediante *Orden* emitida el 6 de febrero de 2025 y notificada el 12 de febrero de 2025. Aun en desacuerdo, el 18 de marzo de 2025, la señora Colón González presentó el recurso de referencia en el cual aduce que el TPI erró al:

1. Modificar el plan de pago vigente desde el 1 de octubre de 2020, acordado entre ASUME y la Apelante (sic), sin haberse solicitado y/o celebrado una vista para la modificación de dicho plan, en contravención de lo dispuesto en *González v. ASUME*, 2014 TSPR 196.

2. Emitir una orden basada en información incompleta y errónea provista por el Apelado (sic), lo que constituye una

violación al debido proceso de ley, conforme a *Fuentes v. Shevin*, 407 US 67 (1972), y *Mullane v. Central Hanover Bank & Trust Co.*, 339 US 306 (1950).

De acuerdo con la Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B)(5), este Foro puede "prescindir de términos no jurisdiccionales, específicos," escritos, notificaciones o procedimientos adicionales, "con el propósito de lograr su más justo y eficiente despacho". Así, prescindimos de la comparecencia de la parte recurrida.

## II.

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Metro Senior v. AFV*, 209 DPR 203, 208-209 (2022), citando a *Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico*, 204 DPR 89, 101 (2020). Por ello, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 385-386 (2020). Sabido es que los tribunales deben ser celosos guardianes de su jurisdicción y que no poseen discreción para asumirla donde no la tienen. Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primacía. *Íd.*, citando a *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 249 (2012) y otros. Así, "cuando un tribunal determina que no tiene jurisdicción para intervenir en un asunto, procede la inmediata desestimación del recurso apelativo conforme lo ordenado por las leyes y reglamentos para el perfeccionamiento de estos recursos". *Allied Management Group, Inc. v. Oriental Bank*, supra, pág. 387.

Nuestro más alto foro ha resuelto que el derecho a una notificación adecuada es parte del debido proceso de ley en su vertiente procesal. *Torres Alvarado v. Madera Atiles*, 202 DPR 495 (2019). La Regla 65.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 65.3,

establece que la notificación y el archivo en autos de una orden, resolución o sentencia debe realizarse a todas las partes que hayan comparecido en el litigio. **Cuando la notificación se hace de manera defectuosa o a una dirección equivocada o cuando se le notifica una resolución emitida directamente a una parte y no a su abogado, tal notificación resulta inoficiosa y se tiene por no hecha**. *Rodríguez Mora v. García Lloréns*, 147 DPR 305, 310-311 (1998). (Énfasis nuestro).

La correcta y oportuna notificación de las órdenes y sentencias de los tribunales y de los dictámenes administrativos es un requisito *sine qua non* del debido proceso de ley. De lo contrario, se crea incertidumbre sobre cuándo comienzan a transcurrir los términos para incoar los remedios *post* dictamen, entre otras graves consecuencias y demoras. *Dávila Pollock et. al. v. RF Mortgage*, 182 DPR 86, 94 (2011). Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial. *Yumac Home v. Empresas Masso,* 194 DPR 96, 107 (2015). Hasta que no se notifique adecuadamente la orden o resolución, la misma no surtirá efecto y los distintos términos para solicitar los mecanismos procesales posteriores o la revisión judicial del dictamen que de ella nacen no comienzan a transcurrir. *Maldonado v. Junta de Planificación*, 171 DPR 46, 58 (2007).

Un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma prematura. Un recurso prematuro se presenta en la secretaría de un tribunal antes de que el asunto esté listo para su adjudicación, por lo que adolece del grave e insubsanable defecto de falta de jurisdicción. *Padilla Falú v. AVP*, 155 DPR 183, 192 (2001). En armonía con lo anterior, la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*, R. 83 (C), nos faculta, por iniciativa propia, desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

**III.**

En el presente recurso, atenderemos con primacía el asunto jurisdiccional que surge del expediente, según dicta nuestro ordenamiento jurídico. La notificación de la *Orden* disponiendo de la moción de reconsideración instada por la peticionaria fue defectuosa. Por tanto, el recurso bajo nuestra consideración se presentó de forma prematura.

La peticionaria solicita la revisión de la *Orden* dictada el **8 de enero de 2025**. La misma fue objeto de una solicitud de reconsideración que fue denegada por el foro *a quo* mediante *Orden* dictada el **6 de febrero de 2025** y notificada el **12 de febrero de 2025**. Del récord se desprende que la dirección de correo electrónico a la cual se notificó a la peticionaria, **colonmariely67@gmail.com**, la *Orden* dictada el 6 de febrero de 2025, es errónea. Según los documentos que obran en el expediente su correcta dirección es **colonmarielys67@gmail.com**. Por ende, la notificación emitida por el foro de instancia es defectuosa e impide que este Tribunal de Apelaciones adjudique la decisión recurrida, toda vez que los términos jurisdiccionales de revisión no han comenzado a decursar. Así las cosas, este Tribunal carece de jurisdicción para atender el recurso incoado por la peticionaria y lo que procede es su desestimación, al amparo de la Regla 83 (C) del Reglamento del Tribunal de Apelaciones, *supra*. El foro de instancia deberá notificar adecuadamente su pronunciamiento.

**IV.**

Por las razones esbozadas, se desestima el auto de *certiorari* de referencia por falta de jurisdicción.

Lo acordó el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones