ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| JOSÉ D. SANTIAGO TORRES<br><br>Apelante<br><br>v.<br><br>COMITÉ QUINTAS DE ALTAMIRA, INC. Y OTROS<br><br>Apelado | KLAN202400033 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2022CV03344<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Romero García y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 15 de febrero de 2024.

Comparece José D. Santiago Torres (en adelante, apelante), mediante un recurso de *Apelación*, para solicitarnos la revisión de la *Sentencia* emitida el 13 de diciembre de 2023, y notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Ponce (en adelante TPI). Mediante el dictamen apelado el foro primario ordenó la desestimación de la acción civil presentada, sin perjuicio, al amparo de la Regla 39.2 (a) de las de Procedimiento Civil.[1]

Por los fundamentos que expondremos, se *confirma* la *Sentencia* apelada.

I

Conforme se desprende del recurso de *Apelación*, el apelante presentó una *Demanda*,[2] en daños y perjuicios contra el Comité Quintas de Altamira, Inc. y Otros (en adelante, parte apelada), por alegadamente:

---

[1] 32 LPRA Ap. V, R. 39.2 (a).
[2] Apéndice de la parte apelada, al Exhibit IV. La Demanda fue presentada el 5 de diciembre de 2022.

Número Identificador

SEN2024_____

> [...] obstruir una carretera p[ú]blica, extensión de la Carretera estatal 14, y con un desvío a un desarrollo de 5 fincas segregadas de una finca matriz de mayor cabida, y sin control de Acceso registrado en el Registro de la Propiedad ni solicitado por las 5 fincas conforme indica la Ley de Control de Acceso de P.R.
>
> El demandante necesita hacer uso de dicha carretera y la Demandada le impide el paso si no es solicitando permiso y que no lo concedió.[3]

Por su parte, la parte apelada presentó una *Contestación a la Demanda y Reconvención*.[4] En la contestación, negó prácticamente todas las alegaciones. Por otro lado, en la reconvención, solicitó al foro primario que ordenara al apelante a que desistiera de "estar hostigando" y "demandando [...] so pena de sanciones".[5]

De lo que sigue con relación al caso de autos, en torno al recurso de *Apelación,* el apelante acude ante nuestra consideración tras su inconformidad con la *Sentencia* dictada por el TPI mediante la cual desestimó sin perjuicio una acción civil sobre daños y perjuicios presentada por este. Conforme se desprende de la *Sentencia* emitida el 13 de diciembre de 2023,[6] el foro primario concluyó lo siguiente:

> Examinado detenidamente la totalidad del expediente de autos y de conformidad con el tracto procesal tenemos ante nuestra consideración un caso de naturaleza civil y una obligación ministerial de cumplir con la Regla 1 de Procedimiento Civil 32 L.P.R.A. Ap. V R.1, y dispensar justicia de forma rápida, económica y eficiente. Así surge que las partes con posterioridad al 12 de junio de 2023, ha[n] demostrado dejadez y falta de interés en sus reclamos, se dicta Sentencia de archivo por Desestimación, Sin Perjuicio, Regla 39.2 (a) de Procedimiento Civil.[7]

Inconforme con lo resuelto, el 26 de diciembre de 2023, el apelante presentó una *Moci[ó]n Adic[i]onal Solicitando Reconsideraci[ó]n de Sentencia al Honorable Tribunal*.[8] Allí, solicitó

---

[3] Recurso de *Apelación,* a la pág. 2.
[4] Apéndice de la parte apelada, Exhibit V.
[5] *Id.*, Exhibit V, a la pág. 5.
[6] Apéndice del apelante, a la pág. 2.
[7] *Id.*, a la pág. 2.
[8] Véase el Sistema Unificado de Manejo y Administración de Casos (SUMAC) a la entrada 23. En el escrito de *Apelación,* el apelante adujo que el 19 de diciembre de 2023, presentó una *Moción Solicitando Reconsideración de Sentencia al*

que se revocara la *Sentencia* y que se ordenara lo que correspondiera en esa etapa del caso. En respuesta, y en atención a la antes aludida moción de reconsideración, mediante *Resolución* emitida el 26 de diciembre de 2023, y notificada el 27 de diciembre de 2023, el tribunal *a quo* denegó la misma y dispuso lo siguiente:

> Concluimos que los fundamentos expuestos por la parte demandante no nos mueven a variar nuestra Sentencia, por lo que declaramos No Ha Lugar a la Solicitud de Reconsideración de Sentencia.[9]

En desacuerdo, el 11 de enero de 2024, compareció el apelante mediante un recurso de *Apelación* y esgrimió la comisión de dos (2) errores por el foro primario, a saber:

> Primer Error: Erró el Tribunal de instancia al no tomar en consideración mociones urgiéndolo a actuar, que fueron mal archivadas por error de numeración.

> Segundo Error: Erró el Tribunal no cotejando la correspondencia recibida con el nombre correcto de la Demanda y no archivándolo correctamente.

Por otro lado, en el recurso instado, en la parte intitulada como *Discusión de los Errores Planteados*,[10] esbozó los siguientes errores:

> Primer Error: Erró el Tribunal de Instancia al no archivar y procesar los documentos [que] demuestran [que] el Demandante ha sido diligente.

> Segundo Error: Erró el Tribunal de Instancia al no dar cumplimiento a sus deberes judiciales de juzgar dándole al caso un debido procedimiento de ley y la igual protección de las leyes.

El 9 de febrero de 2024, la parte apelada del título presentó su *Alegato en Oposición*. Con el beneficio de la comparecencia de ambas partes, procederemos a exponer el derecho aplicable.

---

*Honorable Tribunal,* **el cual incluyó en el Apéndice**. Véase Apéndice del apelante, a las págs. 3-5. No obstante, al revisar los autos del TPI en el SUMAC, dado a que el escrito no contaba con el cintillo distintivo que refleja la fecha y hora de radicación y con el fin auscultar si el mismo fue presentado de forma oportuna, nos percatamos de que el mismo **no forma parte del expediente judicial**. Sin embargo, se desprende de los autos ante el TPI que la *Moci[ó]n Adic[i]onal Solicitando Reconsideraci[ó]n de Sentencia al Honorable Tribunal* fue presentada de forma oportuna.

[9] Apéndice del apelante, a las págs. 6-7.

[10] Recurso de *Apelación,* a la pág. 2.

II

**A. Recurso de Apelación**

La Regla 52.2 (a) de las Reglas de Procedimiento Civil[11], dispone que los recursos de apelación tienen que presentarse dentro de un término jurisdiccional de treinta (30) días desde el archivo en autos de copia de la notificación de la sentencia recurrida. Como es conocido, un plazo jurisdiccional es de carácter fatal. Ello quiere decir que no admite justa causa, es improrrogable, y que su incumplimiento es insubsanable.[12] La correcta notificación de una sentencia es una característica imprescindible del debido proceso judicial.[13] Como corolario de lo anterior, la Regla 13(A) del Reglamento de este Tribunal establece que:

> Las apelaciones contra sentencias dictadas en casos civiles por el Tribunal de Primera Instancia, se presentarán dentro del término jurisdiccional de treinta días contados desde el archivo en autos de una copia de la notificación de la sentencia.
>
> En aquellos casos en que el Estado Libre Asociado de Puerto Rico, sus funcionarios y funcionarias, o una de sus instrumentalidades que no fuere una corporación pública, o en que los Municipios de Puerto Rico o sus funcionarios y funcionarias sean parte en un pleito, el recurso de apelación se formalizará, por cualquier parte en el pleito que haya sido perjudicada por la sentencia, presentando un escrito de apelación dentro del término jurisdiccional de sesenta días, contados desde el archivo en autos de una copia de la notificación de la sentencia dictada por el tribunal apelado. [14]

No obstante, el término de treinta (30) días para acudir en alzada puede quedar interrumpido mediante la presentación oportuna de una moción de reconsideración fundamentada.[15] En tal caso, el curso del término para apelar comienza a partir del archivo en autos copia de la notificación de la resolución que resuelve la

---

[11] 32 LPRA Ap. V, R. 52.2 (a).
[12] *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000). *Arriaga v. FSE*, 145 DPR 122, 131 (1998). *Loperena Irizarry v. ELA*, 106 DPR 357, 360 (1977).
[13] *Rodríguez Mora v. García Lloréns*, 147 DPR 305, 309 (1998).
[14] 4 LPRA Ap. XXII-B, R. 13 (A).
[15] 32 LPRA Ap. V, R. 47.

moción.[16] Esto, a pesar de que se haya declarado la moción No Ha Lugar.

Por otro lado, el Reglamento del Tribunal de Apelaciones, en su Regla 16, en lo aquí pertinente, aborda lo que deberá contener un recurso de Apelación:

> [...]
> (E) Apéndice
> (1) El escrito de apelación, salvo lo dispuesto en el subinciso (2) de este inciso y en la Regla 74, incluirá un Apéndice que contendrá una copia literal de:
> (a) **las alegaciones de las partes**, a saber, la demanda principal, las demandas de coparte o de tercero y la reconvención, y sus respectivas contestaciones;
> (b) la sentencia del Tribunal de Primera Instancia cuya revisión se solicita y la notificación del archivo en autos de copia de la misma;
> (c) toda moción **debidamente timbrada** por el Tribunal de Primera Instancia, resolución u orden necesaria para acreditar la interrupción y reanudación del término para presentar el escrito de apelación y la notificación del archivo en autos de copia de la resolución u orden;
> (d) toda resolución u orden, y toda moción o escrito de cualesquiera de las partes **que forme parte del expediente original** en el Tribunal de Primera Instancia, en las cuales se discuta expresamente cualquier asunto planteado en el escrito de apelación, o que sean relevantes a éste;
> (e) **cualquier otro documento que forme parte del expediente original** en el Tribunal de Primera Instancia y que pueda serle útil al Tribunal de Apelaciones para resolver la controversia.

## B. La Desestimación bajo la Regla 39.2 (a) de las de Procedimiento Civil

La Regla 39 de las Reglas de Procedimiento Civil aborda lo relativo al desistimiento y desestimación de los pleitos. En específico, la Regla 39.2 (a) de las Reglas de Procedimiento Civil,[17] faculta a los tribunales para desestimar causas de acción debido al incumplimiento de las partes con sus órdenes.[18] Dicha regla lee como sigue:

> (a) Si el demandante deja de cumplir con estas reglas o con cualquier orden del tribunal, el tribunal a iniciativa propia o a solicitud del demandado podrá decretar la desestimación del pleito o de cualquier reclamación contra él, o la eliminación de las alegaciones, según

---

[16] *Id.*
[17] 32 LPRA Ap. V, R. 39.2 (a).
[18] *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 205 DPR 689, 703 (2020).

corresponda. **Cuando se trate de un primer incumplimiento, la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones tan sólo procederá después que el tribunal, en primer término, haya apercibido** al abogado o abogada de la parte de la situación **y se le haya concedido la oportunidad para responder.** Si el abogado o abogada de la parte no responde a tal apercibimiento, el tribunal procederá a imponer sanciones al abogado o la abogada de la parte y se notificará directamente a la parte sobre la situación. **Luego de que la parte haya sido debidamente informada o apercibida de la situación y de las consecuencias que pueda tener el que ésta no sea corregida, el tribunal podrá ordenar la desestimación del pleito o la eliminación de las alegaciones. El tribunal concederá a la parte un término de tiempo razonable para corregir la situación, que en ningún caso será menor de treinta (30) días, a menos que las circunstancias del caso justifiquen que se reduzca el término.**
[…]

Sobre la desestimación, el Alto Foro se ha expresado de la siguiente forma:

Como regla general, los tribunales están obligados a desalentar la práctica de falta de diligencia y de incumplimiento con sus órdenes mediante su efectiva, pronta y oportuna intervención. Además, tienen el poder discrecional, según las Reglas de Procedimiento Civil, de desestimar una demanda o eliminar las alegaciones de una parte. No obstante, esa determinación se debe ejercer juiciosa y apropiadamente.[19]

Conviene también desatacar que la discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[20] Además, se define como el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción.[21]

III

En el recurso ante nuestra consideración el apelante nos ha solicitado que revisemos la *Sentencia* emitida en su contra, habida cuenta de su inconformidad, por el hecho de que el tribunal apelado

---

[19] *Mejías et al. v. Carrasquillo et al., Id.*, 298. *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982).

[20] *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019). *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).

[21] *García v. Padró*, 165 DPR 324, 334 (2005). *Pueblo v. Ortega Santiago*, 125 DPR 203, 211 (1990).

desestimó su causa de acción, sin perjuicio. Es de ver que, conforme a nuestro ordenamiento procesal, la Regla 39.2 (a) de las de Procedimiento Civil,[22] faculta a los tribunales para desestimar causas de acción debido al incumplimiento de las partes con sus órdenes.[23]

Luego de revisar los errores esgrimidos, así como los que surgen en la parte intitulada *Discusión de los Errores Planteados*, juzgamos que los mismos pueden ser discutidos en conjunto, por lo que así obraremos. En el recurso, el apelante nos convida, en síntesis, a concluir que el foro primario presuntamente cometió el error de no cotejar la correspondencia recibida de manera adecuada, ni archivar y procesar los documentos que demuestran que este fue diligente y que este incumplimiento le privó de un debido proceso de ley y de una igual protección de las leyes.

En *primer* lugar, debe quedar claro que la acción civil que este Tribunal tiene ante su consideración es una revisión de la *Sentencia* emitida en el alfanumérico PO2022CV03344, y no la de otro expediente judicial. En *segundo* lugar, el apelante, quien se ha autorepresentado, tanto a nivel del TPI, y ahora ante esta Curia, movido por su inconformidad con el dictamen mediante el cual se desestimó su causa de acción, nos presenta el argumento de que el TPI no archivó y procesó los documentos que demuestran que fue diligente y como tal, no merecía la actuación del foro primario. No nos convence. Veamos.

Del apéndice presentado en el recurso ante nuestra consideración se desprenden únicamente los siguientes documentos judiciales presentados en el expediente judicial PO2022CV03344[24]:

---

[22] 32 LPRA Ap. V, R. 39.2 (a).

[23] *HRS Erase, Inc. v. Centro Médico del Turabo, Inc.*, 205 DPR 689, 703 (2020).

[24] Existen otros tres (3) documentos en el Apéndice del apelante, uno que no obra en los autos ante el TPI en el SUMAC, y dos (2) que fueron presentados en el caso PO2020CV01394. Véase Apéndice del apelante, a las págs. 3-5, 8 y 9, respectivamente.

- SUMAC 22 – *Sentencia* – en la cual se desestimó la causa de acción instada, sin perjuicio - emitida el 13 de diciembre de 2023, y notificada el 14 de diciembre de 2023.[25]

- SUMAC 23 – *Moci[ó]n Adic[i]onal Solicitando Reconsideración de Sentencia al Honorable Tribunal* – presentada y registrada en SUMAC el 26 de diciembre de 2023.[26]

- SUMAC 24 – *Resolución* – en la cual se resolvió la *Moción Adicional Solicitando Reconsideración de Sentencia* – emitida el 26 de diciembre de 2023, y notificada el 27 de diciembre de 2023.[27]

- SUMAC 25 – *Moci[ó]n a Juez Administradora sobre Documentos Extraviados por Numeraci[ón] de Caso.* – presentada y registrada en el SUMAC el 2 de enero de 2024.[28]

En atención a lo alegado por el apelante y aun con el exiguo apéndice ante nos, determinamos examinar los autos del caso ante el TPI en el SUMAC, en ánimos de comprender adecuadamente sus reclamos. Luego de analizar lo anterior, así como la totalidad del expediente ante nuestra consideración, es claro que el foro primario notificó todas y cada uno de los dictámenes emitidos en el caso al apelante, por tanto, el apelante conocía la etapa en que se encontraba el caso y los requerimientos que hizo el TPI. De igual forma, pudimos constatar las advertencias dadas por el tribunal apelado en términos de las consecuencias de incumplir con las órdenes emitidas.[29] Falló el apelante al incluir en sus escritos una información incongruente en el epígrafe del caso y proveer para su radicación un número de caso distinto, pero en un caso en el que

---

[25] Apéndice del Apelante, a las págs. 1-2.
[26] Según expresamos en la exposición de los hechos que antecede, de los documentos presentados en el recurso de *Apelación* surge uno intitulado *Moci[ó]n Solicitando Reconsideración de Sentencia al Honorable Tribunal,*[26] suscrita por el apelante. El mismo no obra en los autos del TPI, por lo que no lo consideraremos. Solo consideraremos el que obra en el SUMAC, a la entrada 23.
[27] Apéndice del apelante, a la pág. 7.
[28] Apéndice del apelante, a las págs. 10-11. Véase, además, SUMAC a la entrada 25. El apelante omitió incluir en el apéndice ciertos documentos que fueron presentados como anejo a la moción y que presentó en apoyo al escrito presentado.
[29] Véase SUMAC, a las entradas 4, 16, 17 y 21.

figura como parte.[30] Puntualizamos, además, que nuestras reglas procesales disponen que el Tribunal no está obligado a ilustrar a la persona que se autorepresenta,[31] como en este caso.

Tras la discusión anterior, forzoso es concluir que a la luz de la revisión de la totalidad del expediente judicial ante nos, así como los autos ante el TPI en el SUMAC, en el alfanumérico PO2022CV03344, el apelante no nos ha colocado en posición de variar lo actuado por el foro primario al dictaminar la "dejadez y falta de interés" en su caso. Abona a lo anterior, su omisión en incluir aquellos documentos en el *Apéndice* ante nos, los cuales, examinados de manera integral y en unión a los autos del TPI en el SUMAC, revelan que incumplió con las órdenes del foro primario y provocaron el desenlace, la desestimación sin perjuicio de su caso. Destacamos, además, que, en una Orden previa a la emisión de la *Sentencia* desestimatoria, **documento que no fue incluido en el apéndice**, fue notificada el 12 de junio de 2023 y en ella, el TPI, según ya había actuado, apercibió al aquí apelante sobre las consecuencias de no cumplir con las órdenes del Tribunal.[32] Es por todo lo anterior que juzgamos que los errores esgrimidos no fueron cometidos, por lo que procede confirmar la *Sentencia* apelada.

IV

Por los fundamentos que anteceden, se *confirma* la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[30] El número de caso ofrecido por el apelante en varios escritos presentados para su radicación fue el alfanumérico PO2020CV01394 y, como tal, según constatado el TPI obró.
[31] 32 LPRA Ap. V, R. 9.4.
[32] Véase SUMAC, a la entrada 21.